JOHN WONSETTLER V. A. O. LEE.

1. PAROL CONTRACT — *Statute of Frauds* — *Quantum Meruit.* A party who performs labor for another under a verbal contract not capable of preformance within one year, and which the other party refuses to carry out, cannot enforce such agreement; but the party refusing to preform, and who has received the benefits of the labor, is liable for the same upon a *quantum meruit.*

2. PETITION, *When Not Demurrable.* A petition reciting such void contract is not demurrable where the other facts stated therein are sufficient to warrant a recovery upon the implied contract for the value of the work performed.

*Error from Barton District Court.*

A. O. LEE brought this action against *John Wonsettler* to recover the sum of $3,490. In his petition he stated, in substance, that he made a parol agreement with Wonsettler by which they were to jointly engage in raising stock and grain. Wonsettler was to furnish the land necessary for carrying on the business of farming and raising feed, and also teams, stock, farming implements and necessary machinery to do the work. Lee was to do the work by his son and such other help as was needed in the business, who were to be furnished board by Wonsettler. Lee was to have as his share one-half of the grain raised and sold; and where it was fed to stock he was to have one-half of the increase resulting from feeding the stock. It is alleged the arrangement was to continue for five years, and the profits to be divided as indicated each year; and in case stock was held for more than one year and was fed out of grain produced upon the farm the profits were to be divided thereon as soon as the same was sold. It is averred that the arrangement only continued for about two years, when Wonsettler refused to further perform the contract or permit the son of the plaintiff to carry out the agreement. He further refused to permit the plaintiff to have any share of the crops which had been raised or grown on the farm, or any compensation whatsoever for the two years' labor. It is stated

that during the continuance of the contract Lee's son produced and prepared for market—except threshing the last crop—3,000 bushels of wheat, worth 80 cents per bushel; 2,000 bushels of corn, worth 40 cents per bushel; 50 tons of hay, of the value of $5 per ton; all of the value of $3,450. It is further alleged that Lee's son worked faithfully under this arrangement upon the farm and lands of Wonsettler for about two years, and that the services rendered were reasonably worth the sum of $2,000 over and above Lee's share of the expenses of carrying on the business. Judgment was demanded in the sum of $3,490, with interest at 7 per cent.

The defendant filed a general demurrer, which was heard on January 15, 1886, and overruled; to which ruling the defendant excepted. On February 4, 1887, a trial was had with a jury, which resulted in a verdict and judgment in favor of Lee for the sum of $216.75. A motion for a new trial was made and overruled, and the defendant, *Wonsettler*, brings the case to this court upon a transcript of the record for review.

*Maher & Osmond*, for plaintiff in error.

*G. W. Nimocks & Bro.*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The only complaint made by Wonsettler in this court is that the petition filed by Lee in the district court did not state facts sufficient to constitute a cause of action. Counsel for plaintiff in error claim the petition to be insufficient because it appears that a recovery was sought upon a contract which was never reduced to writing and was not to be performed within one year, and hence was within the statute of frauds. It is true that the contract under which the work was performed by Lee was not in writing, and also that it was one which necessarily required five years for its full performance, and it therefore fell within the prohibition of the statute. If the action was based solely on this verbal contract, as claimed, it could not be maintained; but we think the allegations of the petition are sufficiently broad to warrant

a recovery on a *quantum meruit.* While Lee cannot recover under the contract, he is entitled to compensation according to what the work performed was reasonably worth. Wonsettler, having received the benefit of the services performed under the verbal contract, cannot escape liability for the benefit received by refusing to perform that contract. It is conceded by counsel for plaintiff in error that Lee is entitled to recover in a proper action what the services rendered are reasonably worth; but he insists that Lee has relied on the express contract alone, and therefore the action must fail. In our view, the void contract is not set out as the basis of the action, but rather by way of inducement to explain the circumstances under which the work was done, and to show that it was not a gratuity. The petition alleges how Lee was induced to furnish the labor, the character and duration of the services performed, the benefits derived by Wonsettler therefrom, and what they are reasonably worth, and follows with a general prayer for judgment.

The fact that a void contract is recited in a petition will not make it demurrable, if the other facts stated therein constitute a cause of action.

"All that a plaintiff needs to do in stating his cause of action is to state the facts of his case; and if such facts would entitle him to recover in any form of action, either at law or in equity, he will be entitled to recover under such statement." (*Deisher v. Stein,* 34 Kas. 39.)

Our conclusion is that the demurrer was correctly overruled, and hence the judgment of the district court will be affirmed.

All the Justices concurring.