Brashear v. Rabenstein.

---

W. BRASHEAR V. E. C. RABENSTEIN.

No. 14,141.   (80 Pac. 950.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Statement to the Jury.* It is not indispensable that the preliminary statement of the plaintiff's case to the jury shall include all the facts essential to recovery. The facts referred to in the statement need not be stated with exactness, and the court is not authorized to take the case from the jury or to render judgment upon the statement unless some fact be clearly stated or some admission be clearly made which evidence relevant under the pleadings cannot cure, and which, therefore, necessarily and absolutely precludes recovery.

2. CONTRACTS—*Implied.* A party not at fault himself may recover in *quantum meruit* for advancements that he has made upon the faith of a contract which is unenforceable under the statute of frauds, and which the other party refuses to perform.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed May 6, 1905. Reversed.

*James Lawrence,* for plaintiff in error.

*W. W. Schwinn,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: Brashear sued Rabenstein for work and labor performed, money expended and lumber furnished for the defendant's use and benefit, pleading his cause of action in the form of a common count. After issues had been framed, and a jury had been impaneled to try the cause, the plaintiff's attorney made a statement of his case to the effect that Brashear had been a tenant of a farm under a lease; that Rabenstein purchased the farm while the lease was in force, and through an agent arranged to make some improvements on the land; that Brashear and Rabenstein's agent orally agreed that Brashear should perform labor, furnish material, and board men without making any charge therefor, but by way of consideration he should have the farm so long as it was for rent and he should remain there; that Brashear performed his part of the contract, and had gotten into a house constituting part of the improvements when the defendant's agent notified him that he could not have the farm longer; and that the defendant himself subsequently stated to Brashear that the farm was rented to another. Thereupon the defendant moved to exclude all evidence relating to the count in the petition referred to for the reason that the statement of plaintiff's case precluded recovery upon it, and the court, over plaintiff's objection, withdrew it from the consideration of the jury. The ruling is assigned as error, and it was erroneous.

In support of the court's position it is said, in defendant's brief:

"The plaintiff pleaded a good cause of action, but stated to the jury facts which, without additional facts, showed that he had no right to recover on the cause of action set out in his petition, and he failed to state the additional facts (if there were any such) which would entitle him to recover. By his state-

ment he destroyed the force of his petition, and furnished nothing to take its place."

In the case of *Jenson v. Lee,* 67 Kan. 539, 542, 73 Pac. 72, it was said:

"Pleading the common counts is still sufficient in this state under the code as it was at common law. If the defendant desired a full statement of the facts constituting the plaintiff's cause of action he should have moved to make the petition more definite and certain. (*Meagher v. Morgan,* 3 Kan. 372, 87 Am. Dec. 476; *Water Power Co. v. McMurray,* 24 id. 62; *Barons v. Brown,* 25 id. 410.) He failed to do this. Therefore the plaintiff was left at large in making his proof."

The facts stated by the attorney for plaintiff are all compatible with a right to recover in *quantum meruit* for advancements made upon a contract which was unenforceable under the statute of frauds, and which the defendant refused to perform. They are not, therefore, in any sense destructive of the cause of action pleaded or repugnant to the abbreviated statement of the petition. They were, instead, entirely consistent with the pleading, and were constituents of the cause of action that it expressed in syncopated form. This being true, the circumstance that some facts essential to recovery were not narrated in the statement did not annihilate the pleading or foreclose the right to supply them by proof on a trial.

In view of the growing practice in some of the district courts of this state of testing the right of a plaintiff to recover by the preliminary statement of his case to the jury, it is proper to say that that stage of a trial need not be approached as the inevitable crisis of the lawsuit. That step in the proceedings may be entirely omitted without incurring any legal censure. If undertaken it is not indispensable that the facts be stated either with fulness or precision, and summary judgment for the defendant cannot be imposed as a

penalty for failing so to do. On the other hand the plaintiff's attorney may, if he so desire, merely sketch the outlines of the case, and he may make his sketch as meager and as partial as may suit his purpose. He may elaborate upon such facts as he may wish specially to impress upon the jury, and altogether omit as many others, vitally essential to recovery, as he may choose; and if he should negligently or even ignorantly fail to allude to one or more matters necessary to be proved his client could not be sent out of court for it. Besides being incomplete the statement may be indefinite and ambiguous; important facts may be left doubtful, and others may be suggested merely, or left wholly to inference. The pleadings, and not the statements, make the issues, and no matter how deficient a statement may be from an artistic standpoint, or what its shortcomings may be in the estimation of the critical attorney on the other side, the court is not authorized to end the case because of them unless some fact be clearly stated or some admission be clearly made which evidence relevant under the pleadings cannot cure, and which, therefore, necessarily and absolutely precludes recovery. (*Lindley v. A. T. & S. F. Rld. Co.,* 47 Kan. 432, 28 Pac. 201; *Telephone Co. v. Vandervort,* 67 id. 269, 72 Pac. 771; *Stewart v. Rogers, ante,* p. 53.)

On the statement made in the present case the plaintiff, being without fault himself, is entitled to recover. (*Wonsettler v. Lee,* 40 Kan. 367, 19 Pac. 862; 29 A. & E. Encycl. of L. 836.) He could not have compelled specific performance because sufficient grounds for equitable interference did not exist. He was not obliged to wait for eviction under process. He could take the defendant at his word when the latter repudiated his obligations under the contract and immediately seek reparation in any form of action suitable for the purpose. That adopted (suit upon

Wykes v. Caldwell.

the implied contract which the law raised, in view of the defendant's conduct) was entirely appropriate.

Therefore, the judgment of the district court is reversed, with direction to proceed further in accordance with this opinion.

All the Justices concurring.