[Civil No. 1432.   Filed April 9, 1915.]

[147 Pac. 718.]

## H. J. CRANE, Appellant, v. T. L. FRANKLIN, Appellee.

1. PLEADING—"NEW MATTER"—STATUTORY PROVISIONS.—An answer, in an action for the reasonable value of services rendered and supplies furnished, which sets up a contract different from the contract sued on, and which alleges performance thereof, does not allege "new matter," within Civil Code of 1913, paragraph 424, authorizing defendant to allege new matter to which plaintiff may reply.

2. PLEADING — COMPLAINT — REPLY — DEPARTURE. — Where the matter pleaded in a reply tends to support and justify the complaint, the matter is not a departure in pleading.

3. FRAUDS, STATUTE OF—LEASE OF REAL ESTATE—PAROL AGREEMENT.— A parol agreement for a lease of real estate for more than one year is void under the statute of frauds (Civ. Code 1913, par. 3272), and the mere fact that the lessee goes into possession does not thereby create a yearly tenancy, and in the absence of any other agreement the tenancy may be terminated at will, and the lessee may not recover damages for any breach of contract.

4. WORK AND LABOR—PERFORMANCE OF SERVICES UNDER PAROL CONTRACT—RECOVERY.—One who has rendered services in execution of a parol contract within the statute of frauds may recover on a *quan-*

*tum meruit* the value of the services, and he is not concluded by the contract.

5. PLEADING—COMPLAINT—REPLY—DEPARTURE.—Where, in an action on implied contract for services rendered and supplies furnished, defendant in his answer set up an express contract for a lease of real estate for one year, and alleged that the services and supplies were rendered and furnished by plaintiff, pursuant to the lease, which was fully performed by both parties, a reply alleging a verbal agreement for a lease for five years and entry on the premises by plaintiff, and performance of work on the premises, and refusal of defendant to execute the lease, did not allege matter constituting a departure from the complaint.

6. APPEAL AND ERROR—HARMLESS ERROR—REFUSAL TO STRIKE PLEAD-INGS.—Where all the facts stated in a reply were provable under the complaint, refusal to strike out the reply was not reversible error.

7. PLEADING—ALLEGATIONS OF PARTY—CONCLUSIVENESS.—A party is bound by allegations in his pleading.

8. LANDLORD AND TENANT — EXISTENCE OF RELATION — TENANCY FROM YEAR TO YEAR.—Where an oral agreement for a lease for five years was made, and the tenant went into possession of the premises under the agreement, and continued in possession, though the owner refused to execute a lease, and served notice that at the end of the year the lease would be terminated, and crops raised by the tenant during the year were divided, an implied tenancy from year to year was raised.

9. WORK AND LABOR—LEASE—BREACH OF PAROL AGREEMENTS—RE-COVERY FOR LABOR.—Where defendant orally agreed to lease his premises to plaintiff for five years, and plaintiff entered on the premises and rendered services in improving the same, and defendant refused to execute the lease, and demanded possession by notice at the end of the year, plaintiff could recover the reasonable value of his services in improving the land for future cultivation, but could not recover the value of seed planted, or labor furnished in planting, cultivating and harvesting the crops, where the crops were divided between the parties.

[As to effect of parol lease, see note in 17 Am. St. Rep. 752.]

APPEAL from a judgment of the Superior Court of the County of Yavapai. Frank O. Smith, Judge. Reversed and remanded.

STATEMENT OF FACTS BY THE COURT.

The appellee commenced this action to recover $1,402 for services rendered and supplies furnished appellant, at his

instance and request, from December 5, 1912, to January 5, 1914. The defendant answered, denying generally and answering specially, alleging that the services were rendered and supplies furnished pursuant to a contract of lease of a ranch for one year, and alleging that said contract was fully performed. The plaintiff replied to the matters set forth in the answer. The defendant moved to strike the reply upon the grounds of a departure. The motion was overruled and defendant excepted.

A trial was had to a jury, resulting in a verdict for plaintiff in the sum of $540. The defendant moved for a new trial, in due time, upon the grounds that the court erred in denying defendant's motion to strike paragraph 2 of plaintiff's reply; in admitting and in rejecting evidence; in charging the jury as to the law; in refusing instructions requested by defendant; because the evidence does not sustain the verdict; because the verdict is contrary to the law and to the evidence; because the pleadings do not support the judgment; that a judgment cannot be founded upon the pleadings, for the reason the complaint and reply are inconsistent with each other, and, construed together, state facts which constitute no cause of action; and that the verdict is the result of passion and prejudice on the part of the jury, and the amount of the verdict is excessive and not sustained by the evidence. The motion was overruled and a new trial refused.

In due time defendant moved in arrest of judgment, assigning as grounds for the motion that the pleadings of the plaintiff, consisting of the complaint and reply to defendant's special answer, considered together, do not state a cause of action upon which a judgment may be predicated, with other grounds not deemed important to be stated here. The court overruled the motion, and entered judgment for the plaintiff for $540, in accordance with the verdict. From the order refusing a new trial, and from the judgment, the defendant appeals. Other facts are stated in the opinion.

Messrs. Anderson & Lamson, for Appellant.

Messrs. Norris & Mitchell, for Appellee.

CUNNINGHAM, J.—The plaintiff sues, upon an implied contract, to recover the reasonable value of services rendered

and supplies furnished defendant at defendant's instance and request. The defendant pleaded a general denial; that is, he answered, denying the allegations of the complaint setting forth the cause of action. He answered specially, setting forth an express contract of lease of a ranch for a term of one year, entered into between plaintiff and defendant, and alleged that the services and supplies complained of were rendered and furnished by plaintiff pursuant to the covenants and agreements of said contract of lease, and that the contract of lease was fully performed by plaintiff and defendant before the commencement of this action.

The plaintiff replied to defendant's special answer, denying that plaintiff and defendant entered into a contract of lease for one year, but alleged the facts to be that they entered into a verbal agreement for a lease for five years, and agreed "that the plaintiff should go to said ranch as soon as he could conveniently arrange his affairs and commence the work of cultivation upon said premises." It is alleged that plaintiff did go on the ranch on December 5, 1912, and commence the work of cultivating the premises, "and did continue the work of clearing, plowing and cultivating the said premises and the raising and harvesting of crops thereon, and did expend certain moneys, as alleged in the complaint herein, for the purchase of seed and other supplies, all with the full knowledge and acquiescence of the defendant. . . . " It is alleged that the defendant refused to grant plaintiff the lease for five years, containing the covenants and agreements understood by the parties, and that defendant repudiated the contract at the end of one year, and, on January 5, 1914, ejected plaintiff from the premises.

Appellant contends that the reply sets forth facts that constitute a departure in pleading from the original cause of action set forth in the complaint, and that the court erred in refusing to strike out the reply for that reason, relying upon paragraph 424, Civil Code of 1913. The statute is as follows:

"It shall not be necessary for the plaintiff to deny any special matter of defense pleaded by the defendant, but the same shall be regarded as denied unless expressly admitted; but when the answer contains new matter the plaintiff may reply thereto, specifically denying each allegation contro-

verted by him; and he may also allege, in ordinary and concise language, any new matter not inconsistent with the complaint constituting an answer to such new matter in the answer.''

The answer of the defendant setting up a contract for a lease for one year, and its performance, is in legal effect an answer setting up a different contract from the contract sued upon, and is, if established, a complete defense to the action. Such an answer does not constitute an answer containing new matter, calling for a reply under the statute, *supra.* *Simmons* v. *Green,* 35 Ohio St. 104.

If the matter pleaded in the reply tends to support and justify the complaint, such matter is not a departure in pleading. *Fanning* v. *Insurance Co.,* 37 Ohio St. 344; *Shirts* v. *Irons,* 47 Ind. 445; 9 Cyc. 747. The reply sets up a verbal agreement for leasing real estate for five years; an entry and occupation of the premises for one year; the rendering of services and furnishing of supplies by the lessee, during his occupancy of one year, in accordance with the terms of the verbal lease; and the termination of the occupancy by the lessor at the end of one year. These facts are asserted in the reply in support of, and as justifying, the recovery upon an implied promise to pay the reasonable worth of the services rendered and supplies furnished and not paid for.

A parol agreement for a lease of real estate for more than one year is void, under paragraph 3272, Civil Code of 1913. Taylor's Landlord & Tenant, ninth edition, volume 1, section 80, page 103, says:

"It has been held, and, apparently on sound reasons, that the mere fact that one goes into possession under a lease for more than one year, void under the statute of frauds, does not create a yearly tenancy, the lease vests no term whatever, and in the absence of any other agreement, express or implied, the tenancy is at will''; citing *Reeder* v. *Sayre,* 70 N. Y. 184, 26 Am. Rep. 567; *Laughran* v. *Smith,* 75 N. Y. 209, and *Talamo* v. *Spitzmiller,* 120 N. Y. 37, 17 Am. St. Rep. 607, 8 L. R. A. 221, 23 N. E. 980.

The plaintiff rendered services and furnished supplies under a contract void under the statute. The defendant exercised his undoubted right to terminate the tenancy at any time. Plaintiff alleges that defendant elected to termi-

nate the tenancy at the end of one year and recovered possession. No recovery can be had on the contract, for the reason that it is void. No damages could be recovered for a breach of the contract, for the same reason, and, upon the same principle, the contract being void, the value of plaintiff's services rendered and supplies furnished cannot be concluded by its terms. *Butcher Steel Works* v. *Atkinson,* 68 Ill. 421, *Wonsettler* v. *Lee,* 40 Kan. 367, 19 Pac. 862, *Brashear* v. *Rabenstein,* 71 Kan. 455, 80 Pac. 950, *Williams* v. *Bemis,* 108 Mass. 91, 11 Am. Rep. 318, Browne on Statute of Frauds, 118, and many other authorities, support the rule.

In Browne on Statute of Frauds (cited in *Butcher Steel Works* v. *Atkinson, supra*) it is said:

"One who has rendered services in execution of a verbal contract, which, on account of the statute, cannot be enforced against the other party, can recover the value of the services upon a *quantum meruit.*"

See, also, *Shute* v. *Dorr,* 5 Wend. (N. Y.) 204.

In the light of this rule, which is unquestionably sound in reason and justice, plaintiff's so-called reply stated only facts which tended to support and justify his complaint, and, when considered with the complaint, the facts stated become mere matters of inducement, not made the basis for recovery, and do not state a different or inconsistent cause of action. Therefore, the reply does not constitute a departure. The reply was unnecessary, and may have been properly stricken out for that reason, and still all the facts stated therein may have been received in evidence under the original complaint; but a refusal to strike unnecessary matters from a pleading is not, ordinarily, treated as reversible error, and the necessity to treat such refusal as reversible error does not appear in this record.

The appellant contends that the evidence fails to sustain the verdict, assigning a number of grounds as reasons for the error. We will not state them in detail, but will discuss the questions raised. The controlling issue for trial was whether the plaintiff rendered services and furnished supplies with the understanding that he would have the right to occupy and cultivate defendant's lands for five years, and at the end of one year, or a less time, defendant repudiated the contract, thereby depriving plaintiff of the right to further occupy and

cultivate the lands, and thereby receive compensation for his services rendered and supplies furnished, to his injury.

The evidence is without conflict that the parties entered into a parol agreement, to the effect that defendant would grant plaintiff a lease of the ranch for a term of five years, and that plaintiff would go to the ranch, as soon as convenient to him, and commence the cultivation of the lands; that the crops to be raised should be suitable for feed for use in raising hogs; that the crops raised should be divided, share and share alike, upon the premises. Plaintiff in his reply is bound by the allegations that he was obligated, at his expense, to feed and keep the horses furnished him by defendant, and "that plaintiff agreed with the defendant to cultivate the said premises during the term aforesaid, and to deliver to the defendant one-half of all the crops produced on said farm during said term, said crops to be divided on the premises. . . . " Plaintiff began his occupancy of the premises, under the parol agreement, on December 20, 1913, and commenced clearing and cultivating the lands, thereby performing, as he claimed, his part of the parol contract in substantial conformity with its requirements. Disputes arose from the manner in which plaintiff was performing the understanding had. Plaintiff insisted that he was to have certain horses, wagon and farming tools, that he should be the judge of the kinds of crops planted and the quantity of ground devoted to any particular crop, and that he should have the use of the dwelling-house except one room. On the other hand, defendant insisted that plaintiff should plant alfalfa seed, and that plaintiff should use water for irrigating the crops. Many other objections were raised. Plaintiff testified that, on May 25, 1913, after some of these disputes had arisen, when plaintiff had found the wagon furnished him unsuitable for his work, he was informed by defendant that defendant "would not do his part"—evidently meaning that defendant informed plaintiff on May 25, 1913, that he (defendant) would not carry out the verbal agreement for a five-year term.

The parties then attempted to come to an understanding for a five-year lease along other lines than first agreed upon. Plaintiff testified in substance that the parties agreed that a written lease was necessary for the protection of both parties. In this connection he detailed what each did. The defendant

caused to be prepared a written lease and presented it to plaintiff. Plaintiff refused to accept it because of certain conditions in it not in the original verbal agreement. Defendant admitted that his lease, as written, contained at least two provisions not agreed upon in the original understanding. The plaintiff caused to be prepared a written lease containing provisions modifying the original agreement, but they were intended by plaintiff to meet conditions insisted upon by defendant. Plaintiff presented this lease to defendant, who refused to consider it at all. Plaintiff testified:

"In his lease [referring to defendant's lease] he was to divide the crop. I divided the crop and presented him with a written lease for five years, and he said he wouldn't sign it, because I had put other conditions in it. . . . I made another effort to get a written lease. . . . This was after I had. been there the major part of the year. I tried on July 28th and in October. I refused to sign the one he tendered me for a reason. . . . I refused to sign his lease, and he refused to sign mine. The thing was at an end. I couldn't go on with the rest of it. He told me on May 25th he would not do his part. He did his part during that one year. He gave me half of what was raised out there for the one year. He has not questioned it in any way, shape or form."

It is clear from plaintiff's evidence that the parties realized on May 25, 1913, that the parol lease was at an end. Certainly defendant repudiated and thereby absolutely terminated the contract under which plaintiff's occupancy began, and under which plaintiff had occupied and cultivated the premises up to that date. From that date plaintiff's occupancy and cultivation was referable to some other contract, express or implied. Plaintiff testified that defendant "left me uninterrupted until the end of the year. He served notice on me through the postoffice (during November, 1913). The notice said that at the end of the year, which was December 20th, the lease would be terminated. I went out there in 1912, which would be one year from the date I went out there, but the lease was for five years." Plaintiff evidently understood the reference to the lease, in the notice served on him, to mean the verbal lease for five years. It could have meant, and most probably did actually mean and have reference to, the term of occupancy then existing. The verbal

lease was ended on May 25, 1913, by defendant's informing the plaintiff that he (defendant) would not perform its terms.

Thereafter the minds of the parties never met in an understanding as to the character of the occupancy, and the occupancy having been terminated at the end of the year by the notice of defendant finally acquiesced in by plaintiff, and the further fact that the crops raised by plaintiff during that year were divided upon the premises, each receiving his share, would raise in law an implied tenancy from year to year. 1 Taylor's Landlord & Tenant, 9th ed., sec. 56. The evidence of the plaintiff is conclusive upon this record that that tenancy, whatever it may be called, has terminated and is finally closed. The only matter that we have to deal with pertains to the prior term of occupancy beginning with December 20, 1912, and ending with May 25, 1913.

On May 25, 1913, the defendant informed plaintiff that he (the defendant) would not further perform his part of the parol agreement, meaning that he would not grant a lease for five years. Defendant had the legal right to repudiate the parol agreement, because such agreement was a lease of real estate for a period longer than one year, and was void under the statute of frauds. Paragraph 3272, Civ. Code 1913. While the defendant had the undoubted right to terminate the parol lease, as he did on the 25th day of May, 1913, by doing so he became liable to plaintiff upon an implied promise to pay plaintiff the reasonable value of plaintiff's services rendered upon the faith of the parol agreement, for which he received no compensation, because the parol agreement was terminated without plaintiff's consent, and deprived him of the right to earn his compensation, and he had no other recourse. *Wonsettler* v. *Lee, supra; Brashear* v. *Rabenstein, supra; Williams* v. *Bemis, supra.*

This right to recover does not extend to the value of seed planted, or the labor and the horse feed furnished in planting, cultivating, and harvesting the crops, during the remaining part of that year, for the reason plaintiff necessarily received compensation for those things in a division of the crops. The right to recover, if at all, must arise from the services rendered, by plaintiff, in clearing the lands and preparing them for future planting, cultivation and harvesting, because he has rendered services with that understanding on

the faith of the parol agreement. Such services were performed on the faith of a future profit from planting, cultivating and harvesting, and when the agreement was terminated, the plaintiff was thereby deprived of the right to earn the compensation. The reasonable worth of his services so rendered thereby became the measure of his injury. The record is silent as to what services of the nature rendered are reasonably worth. Plaintiff testified that his work was worth $100 per month during the entire year. He and other witnesses testified that wages for farm laborers had been paid, some at $25, some at $30, and some at $35 per month, with board, and that board was worth $22.50 per month. The services rendered were substantially such as plaintiff rendered during the year. Plaintiff furnished his own board. There is no claim that plaintiff's services were of a peculiar nature, and, for that reason, of value exceeding that of the highest paid farm labor in that vicinity, except the statement of plaintiff that his services were worth $100 per month. If the jury believed they were worth at the rate of $100 per month from December 20, 1912, to May 25, 1913, five months and five days, then the extreme amount plaintiff could have recovered, for the full period of time, was $516.50. If the jury believed the other evidence, including plaintiff's evidence, that plaintiff's services, for the said five months and five days, were reasonably worth as much as the highest paid wages, viz., $35 per month and board, and that plaintiff furnished his own board, and that board was worth $22.50 per month, then plaintiff would be entitled to recover the sum of $297.08. The evidence received, most favorable to plaintiff, would not give him the right to recover a sum equal to $540, as found by the jury. The evidence, therefore, fails to sustain the verdict as alleged. The court erred in refusing a new trial for the same reason.

The judgment is reversed and the cause remanded, with instructions to grant a new trial.

Reversed and remanded.

ROSS, C. J., and FRANKLIN, J., concur.

Rehearing pending.