## H. J. CRANE, Appellant, v. T. L. FRANKLIN, Appellee.

1. PLEADING—DEMURRER.—Where a complaint stated a good cause of action in *quantum meruit* for services, and *quantum valebant* for supplies furnished, a general demurrer must be overruled.

2. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.—The filing of an unnecessary reply is a technical defect which will not, under Constitution, article 6, section 22, warrant reversal.

3. FRAUDS, STATUTE OF—TENANCIES FROM YEAR TO YEAR—IMPLIED TENANCY.—Where an oral agreement for a lease for five years was made, and the tenant went into possession under the agreement and continued in possession, but the parties were unable to agree upon the terms of the written lease, which was to be executed, no implied tenancy for a yearly term was created, the oral agreement for the lease being void under the statute of frauds, there being no meeting of the minds as to the covenants governing such tenancy.

4. FRAUDS, STATUTE OF—LEASE—BREACH OF ORAL AGREEMENT—RECOVERY FOR LABOR.—Where defendant orally agreed to lease his premises to plaintiff for five years, and plaintiff entered on the premises, cultivating and improving the same, and defendant refused to execute the lease, and demanded possession at the end of the year, plaintiff could recover the reasonable value of his services, together with the value of moneys expended for supplies necessary to cultivate the land.

[As to landlord's duty to put tenant in possession, see note in 134 Am. St. Rep. 916.]

5. COMPROMISE AND SETTLEMENT—EFFECT OF SAME.—Where, though an equal division of the crops was agreed on, plaintiff declined to accept a share of the crops in payment for his services, he may recover their monetary value.

6. FRAUDS, STATUTE OF—IMPLIED AGREEMENTS—ACTIONS.—Plaintiff might recover the value of the services rendered up to the time that he was ousted from the premises, though the lessor prior to that time informed plaintiff that he would not perform the agreement.

7. APPEAL AND ERROR—REVIEW—VERDICT.—A verdict supported by evidence will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of the County of Yavapai. Frank O. Smith, Judge.

On rehearing, former opinion reversed, and judgment for plaintiff affirmed.   For former opinion, see 16 Ariz. 501, 147 Pac. 718.

Messrs. Anderson & Lamson, for Appellant.

Messrs. Norris & Mitchell, for Appellee.

ROSS, C. J.—The appellee instituted suit against the appellant for the reasonable value of his services as laborer as farm-hand upon the ranch of the defendant for the period of 13 months, which he fixes at $100 a month; also for the reasonable value of certain seed, horse feed, and farm supplies furnished the defendant, valued at $102, making an aggregate for services and supplies of $1,402.

The defendant-appellant filed a general demurrer and a general denial, and answered in bar of the action that the defendant verbally leased his ranch to the plaintiff for a term of one year or a season, by the terms of which lease plaintiff agreed to occupy and cultivate the premises in a good and farmer-like manner and to raise alfalfa, corn and hogs, and agreed to furnish all necessary seed, except alfalfa seed; that the plaintiff agreed to sow in alfalfa 30 acres, to prune the orchard on said ranch and care for the same; that the defendant agreed to furnish the tools then on the ranch and the necessary number of horses and alfalfa seed; the crops raised to be equally divided between the plaintiff and defendant on the ranch, and that said crops were divided according to that agreement, plaintiff receiving one-half thereof in full settlement of all labor and services performed by him and all supplies furnished by him.   Then follows the allegation of full performance on the part of the defendant and the failure of performance on the part of the plaintiff.

The plaintiff replied, denying the allegations in the answer concerning the lease and alleging that the plaintiff and defendant on or about the fifth day of December, 1912, entered into a verbal agreement, by the terms of which defendant agreed to give the plaintiff a lease for a period of 5 years upon defendant's ranch, and set forth his understanding of the terms of the proposed lease; that he went upon the ranch of the defendant pursuant to said understanding and labored

thereon from the said fifth day of December, 1912, until the fifth day of January, 1914; that no written lease was ever entered into between the plaintiff and defendant.

The defendant moved the court to strike that part of the plaintiff's reply pertaining to the agreement for lease, on the ground of departure from the original cause of action. The demurrer to the complaint and the motion to strike were both overruled. Upon the issues thus formed the case was tried to a jury, and the verdict of the jury was in favor of the plaintiff for the sum of $540, upon which judgment was entered.

It is too evident to need argument that the plaintiff presented in his complaint a good cause of action in *quantum meruit* for services and labor and *quantum valebant* for supplies furnished. Therefore the general demurrer was properly overruled. Neither do we think that error was committed by the court in refusing to strike the plaintiff's reply, on the grounds of departure. We adhere to the statement of law on that point as contained in our former opinion reported in 16 Ariz. 501–505, 147 Pac. 718. The reply showed upon its face that there was merely an agreement for a lease for 5 years, and at most the reply would amount to no more than an explanation of the reason why the plaintiff entered into the possession of the defendant's ranch and occupied it and labored thereon for 13 months. We do not think any reply was necessary; at most it was but a technical error in pleading, and did not in any way prejudice the rights of the defendant; and could not be cause for reversal under our Constitution. Article 6, section 22.

The real milk in the cocoanut is as to whether the plaintiff is entitled to recover in the form of action that he has adopted and upon the facts as disclosed by the pleadings and evidence.

The evidence is undisputed that in December, 1912, there was entered into between the plaintiff and defendant a verbal agreement, in which the defendant agreed to lease his ranch to the plaintiff for a term of 5 years, and that in pursuance of such verbal agreement the plaintiff moved upon the premises and began the work of clearing and improving the ground preparatory to planting crops. The dispute between the parties was as to the terms and conditions of the proposed lease. It very early developed that their understandings as to what

the lease should contain widely differed, and, although they frequently tried to come to an agreement, each submitting to the other a form or forms of lease, these negotiations continuing during most of the year of 1913, it all ended in a failure to agree. Defendant notified the plaintiff in writing to vacate the ranch at the expiration of the year, and thereafter instituted suit against the plaintiff for the possession thereof, whereupon plaintiff left the place.

From these undisputed facts it will be seen that the minds of the parties never did come together or meet. Even if it be determined that their understanding was mutual when they first talked of the 5-year lease, it not being reduced to writing, would be void as in violation of the statute of frauds. For that reason the plaintiff could not enforce specific performance, neither could he sue for damages for breach of contract. The defendant, however, in his answer characterizes the relation established between him and the plaintiff, under the facts related, as that of landlord and tenant, and pleads a tenancy for one year in recognition of the law which permits a verbal lease of realty for a period not exceeding one year. If there was a lease between them for one year, it arises by force of law, and not by any contract.

Our understanding of the law is that if a verbal lease for a longer period than one year is agreed upon, in which the rental value is determined, the terms, agreements and covenants fully understood, and possession is taken thereunder, and rent paid or services rendered instead, by the lessee, although the lease may be void as a whole under the statute of frauds, the law, in order to protect the rights of the parties, will convert it into a lease from year to year. Taylor's Landlord and Tenant, 9th ed., sec. 56. And "during the time which the tenant occupies the premises or in case a yearly tenancy is implied by law, the tenant will be bound to perform the terms of the agreement on his part." McAdam on Landlord and Tenant, 4th ed., sec. 28; *Reeder* v. *Sayre,* 70 N. Y. 180, 26 Am. Rep. 567.

But in a case like this one, where the covenants, terms and agreements to be incorporated in the lease were never fully settled or agreed upon by the parties, even though possession was taken thereunder, there is no basis or foundation for holding or declaring a tenancy from year to year.

The plaintiff entered into possession of the premises under a tentative understanding that he should have a lease thereof for a term of 5 years, but the other conditions, terms and covenants, such as which should furnish farming implements, their kind, quality and number, wagons and horses and their number, seeds for planting, their kind and quantity, the number of rooms in the farmhouse defendant was to retain, and the number the plaintiff was to have, were never agreed upon, but continued the subject matter of dispute during the whole time plaintiff was on defendant's premises.

A lease, being the subject matter of contract, can arise in two ways: By express agreement, and by implication of law. Under the facts no one may lay claim to a lease by express contract, nor do we think the facts give rise to a lease by implication of law, for the reason that there never was any meeting of the minds of the parties. Possession was taken under a void contract for a lease, and was continued until further negotiations made it evident that no agreement could ever be reached.

The relations between the parties did not, therefore, create a tenancy, and the law of landlord and tenant may not be applied to the facts in this case in arriving at the respective rights of the plaintiff and defendant.

Whether the relation be that of employer and employee or master and servant, the fact remains that the plaintiff under the arrangements detailed worked and labored on defendant's premises for upward of 12 months, and furnished supplies with the consent, acquiescence and permission of the defendant. On this state of facts it seems to us that the plaintiff should be entitled to recover the reasonable value of his labor and of any supplies he furnished toward the improving of defendant's property. Tiffany's Landlord and Tenant, section 66, states what we believe to be the law:

"It is well established that, although a contract is unenforceable because not evidenced by writing as required by the fourth section of the statute of frauds, an action will lie to recover money or property delivered under the contract, or for the value of services rendered thereunder. In accordance with this rule, it has been held that if the proposed lessee makes repairs or improvements on the premises in accordance with the provisions of an oral contract for a lease, he may

recover the cost thereof on the owner's refusal to make the lease."

*Duncan* v. *Blake,* 9 Lea (77 Tenn.), 534, was a case in which the lessor agreed that the lessee might have the use of the land for a term of 3 years for the clearing of it. The lessee was dispossessed at the suit of the lessor after he had done work and labor on the land for about one year; on the ground that the lease was void, it not having been reduced to writing. The lessee thereupon sued for the value of his work and labor and was permitted to recover less reasonable rent.

Upon a state of facts somewhat analogous to the facts of this case, in *Wonsettler* v. *Lee,* 40 Kan. 367, 19 Pac. 862, it was decided by that court (quoting from syllabus) :

"A party who performs labor for another under a verbal contract not capable of performance within one year, and which the other party refuses to carry out, cannot enforce such agreement; but the party refusing to perform, and who has received the benefits of the labor, is liable for the same upon a *quantum meruit.*"

It is contended by the defendant that plaintiff received one-half of the crops raised during the year 1913 in full settlement of all labor and services performed by him and all supplies furnished by him. Whatever rights the plaintiff acquired by reason of his year's services and advancements were a subject of barter and sale, and if, as a matter of fact, the crops for the year, however small or worthless, were divided and the plaintiff accepted one-half thereof in full settlement, it would amount to satisfaction and accord. But this was one of the issues that was submitted to the jury, and the jury found against the contention of the defendant. An examination of the evidence upon this issue discloses that the crops were divided upon the premises into two equal parts, with the evident intention to settle upon that basis, but about the time that this was done the defendant served the plaintiff with written notice to vacate the premises, and shortly thereafter instituted a suit in ejectment, whereupon the plaintiff left the premises and also all of the crops.

We think, under these facts, that the verdict of the jury was justified. Under the principle of law announced in the

XVII Ariz.—31

above cases, to the effect that where one renders services or makes advancements for another at his request or under a contract void for violating the statute of frauds, the law imposes an obligation upon the party receiving the benefit of such labor and services or advancements to repay the same. Unless such principle can be invoked under the facts in this case, the plaintiff would be remediless.

In the former opinion of this court we held that the plaintiff was entitled to recover on the common count for labor and services up to the twenty-fifth day of May, 1913, but not thereafter. On the reargument it was urged that the court had misapprehended the issues as made by the pleadings as by also the evidence, it being contended that if plaintiff was entitled to recover to May 25th, he was entitled to recover for the full time he remained and worked and labored upon the premises of defendant. We think now that we ought to yield to that suggestion, for the defendant by his answer recognizes and admits that the relation between the plaintiff and defendant remained unchanged during the year. The relation, whatever it be, therefore, began, continued and ended under the same state of facts and conditions. This was not only recognized in the answer of the defendant, but also in his notice of the termination of the relation. In the trial of the case there was no suggestion that the relations had been changed on the twenty-fifth day of May, nor was any such issue before the court or the jury, nor has any assignment of error presented such a question to this court. The case was tried out before a jury upon the theory that the same relation existed between the plaintiff and defendant during the whole year, and it was brought here on appeal upon the same theory.

The plaintiff sued for $1,402. Evidence of his damages ranged from that amount down to $600. The verdict of $540, it would seem to us, is supported by the evidence. We have many times decided that where substantial evidence supports the verdict of the jury, this court will not disturb it.

Judgment of the lower court is affirmed.

FRANKLIN, J., concurs.

CUNNINGHAM, J.—I adhere to the former opinion in this case, and to the facts stated therein as borne out by the record of the case.    I am of the opinion the law therein stated was correctly applied to the case.

On entry under parol agreement for a lease as part performance under the statute of frauds, see note in 20 L. R. A. 36.