[Civil No. 1504. Filed February 25, 1916.]

[155 Pac. 306.]

J. A. McMURRAN, Appellant, vs. W. G. DUNCAN, Appellee.

1. BROKERS—NATURE OF AGREEMENT—COMPENSATION OF BROKER—"REAL PROPERTY"—"PROPERTY"—"OTHER PROPERTY."—Under Civil Code of 1913, paragraph 3272, subdivision 7, providing that no action shall be brought on an agreement employing an agent or broker to purchase or sell real estate, mines or other property for compensation or a commission unless the agreement or some memorandum thereof shall be in writing and signed by the parties to be charged, and paragraph 5552, defining "real property" as coextensive with lands, tenements and hereditaments and "property" as including both real and personal property, the words "other property," in paragraph 3272, include personal property, and no action can be brought on an agreement employing a broker to purchase or sell either real or personal property unless in writing.

2. BROKERS—OPERATION OF STATUTES—EFFECT OF PERFORMANCE.—That an oral contract employing a broker to sell property has been fully performed by the broker does not entitle him to recover thereon.

[As to brokers' remedies, see note in 74 **Am. St. Rep.** 483.]

APPEAL from a judgment of the Superior Court of the County of Gila. G. W. Shute, Judge. Reversed and remanded, with instructions to dismiss.

Messrs. Rawlins & Little and Mr. Kirby D. Little, for Appellant.

Mr. Jay Good, for Appellee.

ROSS, C. J.—The appellee sued the appellant upon a contract, alleged in his complaint as follows:

"The defendant herein, J. A. McMurran, engaged and employed plaintiff to find a purchaser for defendant's herd of cattle; . . . that the said defendant then and there promised and agreed to pay plaintiff on demand for his services in finding a purchaser for said herd of cattle the sum of $500, and the plaintiff in consideration thereof then and there agreed to try to find a purchaser for said cattle; that thereafter . . . plaintiff found a purchaser for said cattle that was satisfactory to defendant, . . . who purchased all of said cattle from the defendant. . . . The said plaintiff was the means of bringing said parties together and bringing about the sale of said cattle."

The appellant answered the complaint and, among other things, set forth in his answer:

"That no note or memorandum of said promise or agreement set forth . . . in plaintiff's complaint was made in writing and signed by this defendant or any other person by his authority or at all; that no such promise or agreement was ever entered into by defendant with plaintiff in any manner whatever."

The case was tried to a jury, and a verdict returned in favor of the appellee, upon which judgment was duly entered. It is admitted that the contract sued upon was not in writing.

It is the contention of the appellant that an agent or broker cannot maintain an action for his services in negotiating a sale of personal property unless the contract of agency or brokerage be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized. He also contends that the appellee failed to establish the contract as alleged in the complaint. We will confine our attention to the consideration of the first proposition, it being determinative of this lawsuit.

There was added to our statute of frauds by the legislature of 1913 a new rule concerning agreements of agents or brok-

ers something like, but very much broader and more comprehensive than, the law of California and some of the other states. This rule is found in paragraph 3272 of the Civil Code of 1913, and reads as follows:

"No action shall be brought in any of the courts in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the parties to be charged therewith, or by some person by him thereunto lawfully authorized: . . . (7) An agreement authorizing or employing an agent or broker to purchase or sell real estate, mines, or other property, for compensation or a commission."

The rule, as stated in subdivision 7, contains words not to be found in the laws of any other state so far as we know. Those states require the agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission to be in writing.

It is the contention of appellee that our statute should be construed to have the same meaning as if the words "mines or other property" were omitted. He would limit its application to real property only. He would give no meaning to the words "other property;" or, if any, he would limit it to some species of real estate. He invokes the maxim of the law *noscitur a sociis,* "the meaning of a doubtful word may be ascertained by reference to the meaning of the words associated with it." And also the rule of *ejusdem generis.* Whether these rules of construction are applicable or not in this case, it would seem, depends on the inability to determine the meaning of the language used without extrinsic aid. If the meaning is plain and clear, then no rules of construction are permissible.

It is evident that the legislature had before it, at the time this law was passed, the statutes of some other state and, not being satisfied with the language used, endeavored to broaden and extend its meaning so as to include property other than real estate. The California statute in that regard is exactly like ours, except it does not contain the words "mines or other property." California was satisfied to limit the agreement authorizing or employing an agent or broker to purchase or sell real estate to be in writing and signed, but we went further than that and required the agreement, not only in

that instance, but when it was concerning mines or other property, likewise to be in writing.

Paragraph 5552 of the Civil Code of 1913 defines "real property" as being coextensive with lands, tenements and hereditaments, and "real property" and "real estate," as we understand it, mean the same thing. By the same paragraph of the statute the word "property" is defined as including both real and personal property. Real estate exhausts that class of property; it includes the whole class genus. The addition of the word "mines" could not in the least expand or limit the meaning of the words "real estate," although it is descriptive of a class of property known and recognized as realty. The words "other property," unless intended to include personal property, could have no purpose or meaning whatever, the words preceding them having exhausted the genus real estate. It must be presumed that the legislature, when it passed the statute in question, was familiar with the statutory definition of "real property" and "property," and that the law was enacted with that knowledge.

It is said in *McReynolds* v. *People,* 230 Ill. 623, 82 N. E. 945:

"It is a cardinal rule of construction that every clause, sentence and word in a statute should, if possible, be given effect. The rule *ejusdem generis,* moreover, does not apply 'where the specific words signify subjects greatly different from one another, for here the general expression might very consistently add one more variety; in such case, the general term must receive its natural and wide meaning.' "

Differently stated: "When the particular words embrace all the persons, or objects, of the class mentioned, and thereby exhausts the class [genus], . . . there can be nothing *ejusdem generis* left for the rule to operate upon," and a meaning must be given to the general words "different from that indicated by the specific words, or" there can be ascribed "to them no meaning at all." *U. S. Cement Co.* v. *Cooper,* 172 Ind. 599, 88 N. E. 69; *Brown* v. *Corbin,* 40 Minn. 508, 42 N. W. 481.

It is further contended by the appellee, that, notwithstanding the agreement was not in writing, still he is entitled to recover upon the ground of full performance on his part. We think to sustain this proposition would render nugatory

the statute. The very nature of a broker's or agent's contract is such that in no instance could suit be maintained until the services had been rendered. The statute provides that no action shall be brought upon any promise or agreement in this kind of a case unless the promise or agreement shall be in writing and signed by the parties to be charged therewith. In view of this language of the statute, whatever rights a broker or agent might have for services in negotiating a sale or purchase of real or personal property, he is certainly forbid the right to any remedy upon the contract unless in writing. The California statute (paragraph 1624, Civil Code) provides that such "contracts are invalid." The Oregon statute (L. O. L., sec. 808) provides that such agreement is "void," unless in writing; as does also the statute of Washington. The courts of these latter states have uniformly held that a contract authorizing or employing an agent or broker to purchase or sell real estate to be of any avail must be in writing, and, had their statutes extended to and included contracts concerning personal property, the same rule would have, no doubt, been announced. The rule is thus stated in *Keith* v. *Smith*, 46 Wash. 131, 13 Ann. Cas. 975, 89 Pac. 473:

"The courts of the several states in which statutes of this character have been enacted have constantly adhered to the rule that no action can be maintained for services performed in purchasing or selling real estate by an agent or broker, unless his contract of employment is in writing. This rule enforces the legislative intent evidenced by the enactment of such statutes. No other construction would do so. From its very nature a claim for commission could not be made until earned, and to hold that performance would take an action of this character out of the operation of the statute would nullify the statute itself."

All of the courts having the same or like statute have adopted the same rule of construction. In 13 Ann. Cas. 977, *supra,* the cases are collated under this statement:

"The decisions appear to be uniform in holding that no action can be maintained for the recovery of commissions upon an oral contract of employment for the sale of real property where it is provided by statute that such contracts shall be in writing."

The later cases are to the same effect. *Gerard-Fillio Co.* v. *McNair*, 68 Wash. 321, 123 Pac. 462; *Taylor* v. *Peterson*, 76 Or. 77, 147 Pac. 520.

We are of the opinion that under the law of this state, as it now exists, no action can be brought upon an agreement authorizing or employing an agent or a broker to purchase or sell either real or personal property for compensation or commission, unless the agreement or some memorandum thereof is reduced to writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized. Neither will performance on the part of the agent or broker of his part of the contract take the same out of the statute of frauds so as to authorize an action to be brought upon the contract if it be not in writing and signed.

Judgment of the lower court is reversed and cause remanded, with directions that the complaint be dismissed.

FRANKLIN and CUNNINGHAM, JJ., concur.

On the necessity that agent's authority to purchase or sell real property be in writing to enable him to recover compensation for his services, see notes in 44 **L. R. A.** 601; 9 **L. R. A. (N. S.)** 933.

