[Civil No. 2917. Filed November 10, 1930.]

[292 Pac. 1097.]

AILEEN M. BUTTERFIELD, Doing Business as BUTTERFIELD REALTY COMPANY, Appellant, v. TOM MacKENZIE, Appellee.

Mr. J. J. Cox and Mr. O. B. DeCamp, for Appellant.

Mr. Floyd M. Stahl, for Appellee.

ROSS, J.—This appeal is from an order sustaining a demurrer to the complaint and from a final judgment dismissing the complaint.

The complaint avers that plaintiff, a duly licensed real estate broker, of Phoenix, Arizona, and defendant, the owner of certain real estate located in Maricopa county, on or about December 5, 1928, entered into an oral agreement by the terms of which the defendant agreed to have said land surveyed, platted and mapped into 190 lots, and to give plaintiff the exclusive right to sell the same on a commission basis of 15 per cent. of the total sale price of said lots, and that defendant agreed to give the plaintiff a written contract to that effect; that, in pursuance of the oral agreement, defendant surveyed, platted, and mapped said land and turned map over to plaintiff, who went into immediate possession and began to negotiate with different individuals for the purchase of certain of said lots, and made the necessary arrangements, including the procurement of a complement of agents and advertising necessary to carry on successfully the selling of said lots; that plaintiff devoted her entire time and attention to the sale of said lots, from December 5, 1928, to March 5, 1929, and had expended large sums of money by way of advertising and to sales agents; that the aggregate sale price of the 190 lots as fixed by defendant was $93,475; and that plaintiff had sold, prior to March 5, 1929, 30 lots, earning commissions of $2,277.75 of which $239 had been paid her.

It is averred that defendant on March 5, 1929, notified plaintiff that he would take over and thereafter attend to the advertising and selling of said lots.

It is averred "that by reason of defendant's refusal to execute the agreement in writing" plaintiff has

been damaged in the sum of $14,021.25. The relief asked is that defendant be required to specifically perform his oral agreement to make a written agreement, and for damages in the sum of $14,021.25.

The complaint was demurred to on the ground that the contract pleaded was a contract for broker's commissions to sell real estate, and, not being in writing and signed by defendant, or some person by him thereunto authorized, as required by subdivision 7 of section 1521 of the Revised Code of 1928, is unenforceable.

The statute pleaded as a bar to the cause of action stated in the complaint reads as follows:

"No action shall be brought in any court in the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the parties to be charged therewith, or by some person by him thereunto lawfully authorized: . . .

"7. Upon an agreement authorizing or employing an agent, or broker to purchase or sell real property, or mines, for compensation or a commission. . . . " Section 1521, Rev. Code, 1928.

The plaintiff takes the position that the subject matter of this lawsuit is the oral agreement to make a written agreement to pay her commissions for sales of lots, and that the statute of frauds is not involved. In other words, that such an agreement is not within the statute of frauds. This contention necessarily involves an admission that a real estate brokerage contract must be in writing and formally signed by the party to be charged before a recovery of commissions by the broker can be had. We have held that neither part performance nor complete performance will take an oral contract for brokerage commissions out of the statute of frauds. *Weldon* v. *Greer,* 29 Ariz. 383, 241 Pac. 957, and *Murphy* v. *Smith,* 26 Ariz. 394, 226 Pac. 206. Formerly the statute of frauds, subdivision 7 of paragraph 3272 of the Revised Stat-

utes of Arizona, 1913 (Civ. Code), required that contracts for brokerage commissions for selling personal as well as real property should be reduced to writing and signed by the party to be charged. This statute was amended by chapter 135, Laws of 1919, by eliminating brokerage contracts for the sale or purchase of personal property.

*McMurran* v. *Duncan*, 17 Ariz. 552, 155 Pac. 306, 307, was an action for broker's commissions in selling a herd of cattle under an oral employment, it appearing that such services were rendered before the amendment of 1919. The conclusion we arrived at in that case is stated as follows:

"It is further contended by the appellee, that, notwithstanding the agreement was not in writing, still he is entitled to recover upon the ground of full performance on his part. We think to sustain this proposition would render nugatory the statute. The very nature of a broker's or agent's contract is such that in no instance could suit be maintained until the services had been rendered. . . .

"We are of the opinion that under the law of this state, as it now exists, no action can be brought upon an agreement authorizing or employing an agent or a broker to purchase or sell either real or personal property for compensation or commission, unless the agreement or some memorandum thereof is reduced to writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized. Neither will performance on the part of the agent or broker of his part of the contract take the same out of the statute of frauds so as to authorize an action to be brought upon the contract if it be not in writing and signed."

This case was followed in *Mervyn* v. *Kleinman*, 17 Ariz. 557, 157 Pac. 27. It is therefore definitely settled that brokerage contracts to purchase or sell real property must be in writing and signed by the party charged, in order to create a liability for commissions.

If plaintiff's theory is correct, it makes no difference whether the statutory requirements have been complied with or not, providing the party to be charged has agreed to reduce the oral agreement to writing and to attach thereto his signature. Under this theory the detail of reducing the agreement to writing and affixing signature may be postponed until after full performance, or a breach, and then the party to be charged may in an equitable action be required to execute the formal written contract and pay the agreed price for full performance, or damages for the breach, according as the facts show the one or the other. Ingenious as this reasoning may be, it leads to an absurd and nullifying result. If allowed, it would completely defeat the purpose of the statute of frauds.

There is a special reason, implicit in the statute, for requiring parties negotiating concerning purchases or sales of real property, and providing for brokerage commissions, to reduce their agreement to writing. It is to avoid the opportunities and possibilities of perjury in the establishment of the terms of the agreement when oral. If plaintiff's theory of the law is correct, such object would be entirely defeated. The decisions generally, so far as we have been able to discover, agree with the rule stated in 27 Corpus Juris, 335, section 422, as follows:

"An agreement to enter into, or to reduce to writing and execute, an agreement within the statute of frauds is itself within the statute, and neither promise is enforceable unless the statute is satisfied."

One of the latest and well-considered cases involving the enforceability of an oral agreement to make a written agreement is *Union Car Advertising Co.* v. *Boston Elevated Ry. Co.*, (C. C. A.) 26 Fed. (2d) 755, 58 A. L. R. 1007. The court there reviews some of the leading cases and cites many others in support of its conclusion that such agreement is within the

statute of frauds. Such, also, is the view of the text-writers. Browne on the Statute of Frauds, § 284; Williston on Contracts, § 524–a (p. 1012).

Our conclusion is that the demurrer was properly sustained.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.