[Civil No. 4570. Filed June 26, 1944.]

[150 Pac. (2d) 86.]

L. W. CRESS, Doing Business as CRESS BROTH-ERS, Appellant, v. JEAN N. SWITZER and SADYE BEARD, Appellees.

Mr. H. C. McQuatters, for Appellant.

Messrs. Wilson, Compton and Wilson, for Appellees.

STANFORD, J.—In the Superior Court of Coconino County the appellees filed their action asking judgment for the possession of Lot 16, Block 4 of the City of Flagstaff, as surveyed and platted by H. C. Nutt, trustee for the Atlantic and Pacific Railroad Company, together with the improvements thereon. The complaint alleged that appellant prior to June 30, 1942, was in possession of the property as a tenant of appellees, the owners, by a month to month lease. Notice of termination of the month to month lease and the demand to surrender possession was given appellant June 12, 1942.

In answering, the appellant admitted ownership in the appellee, but denied the right of possession, and alleged that improvements of approximately $700 value had been expended by him in the way of cer-

tain installations and alterations on the premises, besides the installation of counters, equipment and fixtures to conform to the building, and the same were made because of the terms and provisions of a verbal agreement entered into between the parties substantially as follows:

"Plaintiffs agreed to let said premises to defendant for a term of five (5) years, commencing August 1, 1938, ending July 31, 1943, granting defendant the option to renew said lease for an additional period of five (5) years. Defendant in consideration of the letting of said premises agreed to pay to plaintiffs the sum of sixty dollars ($60.00) per month, as rental therefor, and to abide by all the usual covenants, obligations, and duties usually incorporated in a lease of similar business property in the City of Flagstaff."

That the installations and alterations performed by the appellant were in reliance on the verbal agreement and in reliance on the promises of appellees that the agreement would be reduced to writing at an early date, which promises were repeated many times.

By reply to the answer of appellant, appellees pleaded Section 58–101, Arizona Code Annotated 1939, Statute of Frauds.

"No action shall be brought in any court in the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the parties to be charged therewith, or by some person by him thereunto lawfully authorized:

. . . . . . . . . . .

"6. Upon an agreement for the leasing for a longer period than one (1) year, . . . ."

Also appellees, at the same time, filed a motion for summary judgment on the pleadings based on our code, and it is from the granting of that motion that appeal is taken.

The appellant submitted the two following assignments of error:

"No. I. The Court erred in granting plaintiff's Motion for Summary Judgment and ordering that a Writ of Restitution for the possession of the premises issue, for the reason that the record in the case affirmatively shows that there was a genuine issue of material fact raised by the respective pleadings.

"No. II. The Court erred in granting plaintiffs' Motion for Summary Judgment for the reason that the answer and the affirmative defense of defendant was a legal defense, if established, to the plaintiffs' complaint, whereas the Court's granting of the motion conclusively shows that the Court must have held that no legal defense was presented."

The main question for us to determine is, can the defense of equitable estoppel be asserted notwithstanding provisions of the statute of frauds? Appellant submits that Rule 56, or Sec. 21–1210, Arizona Code Annotated 1939, being the Rules of Civil Procedure of the Superior Courts, follows the rule of Federal Rules and Civil Procedure and cites many decisions of the federal courts interpreting said rules.

In reference to a motion for summary judgment the appellant quotes various federal cases, among them being *Whiteman* v. *Federal Life Ins. Co., D. C.,* 1 F. R. D. 95, 96, and from that case we quote the following:

"This is the first motion of its kind that has been presented to me as a judge of this court. I had, of course, given some study, I must admit it has been slight study, to Rule 56, Rules of Civil Procedure for District Courts, 28 U. S. C. A. following section 723c, under which the motion is presented. I think such a motion should be sustained only in a very clear case, a case in which there is no doubt as to how some essential question should be resolved, such an essention question as that when it is resolved adversely to one of the parties, that party cannot prevail."

*Phoenix Hardware Co.* v. *Paragon Paint & Hardware Corp., D. C.,* 1 F. R. D. 116, 117:

"The defendant, by its denial of the allegations in paragraphs 8 to 11 of the complaint, both inclusive, and in paragraphs 22 to 26 of the complaint, both inclusive, has raised an issue and therefore the plaintiff is not entitled to an order striking out the defendant's answer herein, granting summary judgment, or granting judgment on the pleadings, or striking out defendant's answer here as sham and frivolous."

■ *Dairy Engineering Corp.* v. *DeRaef Corp., D. C.,* 1 F. R. D. 679:

"An examination of the authorities shows that this principle is not limited to law cases. A summary judgment should never be given until the facts are clear and undisputed. If there is a controversy on a factual question, judgment should be withheld until proof has been made."

■ In respect to the right to possession of real estate being determined by equitable estoppel regardless of the statute of fraud requiring a memorandum in writing, from 19 Am. Jur. 743, we quote the following:

"Occasionally, the question is raised as to whether the title to real property can be passed by means of an estoppel *in pais,* since there is no writing made by the person sought to be estopped in such cases and the statute of frauds requires some memorandum in writing in connection with the transfer of title of real property. The majority rule is to the effect that to permit the transfer of title by operation of equitable estoppel does not contravene the statute and that the legal title may be so transferred. In other states in which it is held that a legal title cannot be affected by equitable proceeding, such as an equitable defense of estoppel, it is nevertheless held that the holder of the legal title may be precluded by equity from setting up the defense of the statute of frauds and that

title may pass by operation of an equitable estoppel in spite of the statute. In only a few jurisdictions has it ever been held that the statute of frauds prevents the passage of title by means of the doctrine of equitable estoppel.''

 ‛If in passing a title to real property the doctrine of estoppel will prevail over the provisions of the statute of fraud, it certainly would apply in the matter of right to possession to real property.

It is the contention of the appellee, among other things, that it appears from the pleadings that there are no genuine issues of material fact that could be tried in the case; and that the answer of the appellant was not sufficient to create an equitable estoppel and that the statute of frauds would apply in such a case.

Section 21–1210, Arizona Code Annotated 1939, reads as follows:

"*Summary judgment — For claimant.*—A party seeking to recover upon a claim, counterclaim or crossclaim, or to obtain a declaratory judgment may, at any time after the pleading in answer thereto has been served, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. (Rules Civ. Proc., Rule 56(a).)''

And Section 21–1212 reads:

"*Summary judgment — Motion and proceedings thereon.*—The motion shall be served at least ten (10) days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Rules Civ. Proc., Rule 56(c).)''

The appellee submits the cases of *Snyder* v. *Betsch*, 56 Ariz. 508, 109 Pac. (2d) 613; *Nieman* v. *Bethlehem Nat. Bank, D. C.*, 32 Fed. Supp. 436; *Person* v. *United States*, 8 Cir. 112 Fed. (2d) 1; *Butterfield* v. *MacKenzie*, 37 Ariz. 227, 292 Pac. 1097; *Crane* v. *Franklin*, 17 Ariz. 476, 154 Pac. 1036, and others.

In the case of *Snyder* v. *Betsch, supra,* we find no similarity, and in both the case of *Butterfield* v. *MacKenzie* and *Crane* v. *Franklin, supra,* the defense of equitable estoppel was not raised nor passed on by the court in those decisions.

 Bringing this case down to the language of the Arizona statute we quote again, in part, Sec. 21–1212, which is as follows:

" . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Unusual as it might appear, it occurs to us that the fact that the appellee neglected for a period of years to submit a lease could, itself, be a genuine issue as to a material fact. One of the vexatious statutes we have in our state is the one we have on landlord and tenant. The landlord in this case had a duty to perform and he could not evade it under the belief that the statute of frauds would protect him. Here the appellee stood by and saw a store remodeled and a good business established and so far it has not been shown that the failure to have a written lease was in any way due to the fault of the appellant, and we find that the pleadings of appellant presented a genuine issue of material fact and that the appellee was estopped from the defense of the statute of frauds.

By this opinion we do not intend to open the door for every whimsical tenant who desires to retain premises and submits a pleadings purporting to be a genuine issue of material fact and we feel that the trial courts can distinguish between any sham and genuine issue presented.

Judgment is reversed and the case is remanded for further proceedings.

McALISTER, C. J., and ROSS, J., concur.