[Civil No. 1483.   Filed February 25, 1916.]

[157 Pac. 27.]

W. F. MERVYN, Appellant, v. D. H. KLEINMAN, Appellee.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Reversed and remanded, with instructions to dismiss action.

Mr. M. J. Dougherty and Mr. Thomas P. Walton, for Appellant.

Mr. Geo. W. Silverthorn and Mr. J. E. Nelson, for Appellee.

CUNNINGHAM, J.—The appellee, as plaintiff, set forth as a cause of action the failure and refusal of the defendant-appellant to pay to plaintiff $1,000 as a commission or compensation promised him as a broker to sell two stallions and one jack, the property of the defendant. The plaintiff alleges that the contract of employment was oral; that plaintiff, in pursuance to his contract of employment, produced a purchaser for said property, ready and willing to buy, and consenting to the terms and conditions defendant authorized plaintiff to require in order to earn the right to his commission.

The defendant demurred to the complaint upon the grounds that the facts stated are insufficient to set forth a cause of action; that the complaint on its face sets forth a verbal contract as the foundation for recovery, and because of section 7 of paragraph 3273, Statute of Frauds, Civil Code of Arizona of 1913, any contract authorizing or employing an agent or broker to purchase or sell real estate, mines or other property for compensation or a commission must be in writing, or some memorandum of such agreement must be in writing, and signed by the parties to be charged therewith, or by some person by him thereto lawfully authorized, before any action can be maintained thereon. The defendant pleaded the statute in bar by answer, and interposed the same by objection to the introduction of evidence of an oral contract of employment. This objection in all its forms was overruled by the court, and upon a trial, judgment was rendered for the plaintiff in accordance with his complaint. From the judgment the defendant appeals and assigns as error the order of the court overruling his demurrer, and the orders denying the plea in bar and overruling his said objection to the evidence. Other errors are assigned, but will not be noticed.

This case falls within the rule laid down in *McMurran* v. *Duncan,* Civil Cause No. 1504, *ante,* p. 552, 155 Pac. 306, just decided by this court, viz.:

"No action can be brought upon an agreement authorizing or employing an agent or a broker to purchase or sell either real or personal property for compensation, or commission, unless the agreement or some memorandum thereof is reduced

to writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized."

Upon the authority of that case, the judgment is vacated and the cause is remanded, with instructions to dismiss the action.

ROSS, C. J., and FRANKLIN, J., concur.

Rehearing denied May 8, 1916.