No. 22,167.

H. W. SKINNER, *Appellee*, v. LON DAVIS and BUREL DAVIS,
*                    Appellants.*

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Lease for Three Years.* A written lease for
   one year, with the privilege of three years, is, if the privilege be ex-
   ercised, a lease for three years.

2. SAME—*Lease Void Under Statute of Frauds.* An oral lease for one
   year, with the privilege of five years, is void under the statute of
   frauds.

3. SAME—*Void Oral Lease — Valid Written Lease — Possession Under
   Valid Lease.* A tenant in possession under a written lease took an
   oral lease, void under the statute of frauds, and planted wheat on the
   premises, all before the expiration of the written lease. *Held,* his
   possession and use of the land must be referred to the valid, and not
   to the void, lease.

Appeal from Barber district court; GEORGE L. HAY, judge.
Opinion filed March 8, 1919. Affirmed.

*Howard J. Hodgson,* of Eureka, and *Samuel Griffin,* of
Medicine Lodge, for the appellants.

*A. L. Noble,* of Winfield, *J. N. Tincher, Adrian S. Houck,
Seward I. Field,* and *A. L. Orr,* all of Medicine Lodge, for the
appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one of forcible detention. The
plaintiff recovered, and the defendants appeal.

The land was owned by J. R. Holmes, who died testate in
January, 1915. The executors of the will, who were agents of
the devisees, leased the land to R. B. Temple, for the term of
one year from March 1, 1915, with the privilege of three years,
subject to sale at any time. In case of sale, 90 days' notice
prior to March 1 was to be given, and the manner of yielding
possession was specified. Temple assigned his lease to the de-
fendants, who took possession in November, 1916. In Novem-
ber, 1917, the owners sold the land to the plaintiff, under a
contract giving him the right of possession on March 1, 1918,
and in the manner specified in the Temple lease. The agents
for the owners gave notice of the sale according to the terms

of the Temple lease, but when the time came for the defendants to yield possession, they refused to do so.

The principal defense was that in June, 1917, the defendants obtained an oral lease from the owners, to begin July 1, for one year, with the privilege of five, and that pursuant to this lease they planted some 250 to 300 acres of wheat in the fall of 1917, which was growing on the premises in March, 1918. The court refused to submit the defense to the jury, for the reason the oral lease was void under the statute of frauds. (*Willey v. Goulding,* 99 Kan. 323, 326, 161 Pac. 611.)

The defendants insist that the void lease was validated by part performance—planting wheat. To remove an oral lease from the ban of the statute of frauds, part performance must consist of something more than ordinary use of the land for cropping; but in this instance the defense was unavailable for a more fundamental reason. The defendants did not take possession under the oral lease. They were already in possession under a written lease which did not expire until March 1, 1918, and their possession and use of the land must be referred to the valid, and not to the void, lease. (*Nay v. Mograin,* 24 Kan. 75; *Baldwin v. Squier,* 31 Kan. 283, 284, 1 Pac. 591; *O'Brien v. Foulke,* 69 Kan. 475, 77 Pac. 103; 3 L. R. A., n. s., 810, 811.)

Ordinarily, possession taken and acts done in execution of an oral lease void under the statute of frauds, will convert the tenancy into one from year to year (42 L. R. A., n. s., 648); but in this instance there was no starting point for a tenancy from year to year, because there was no entry under the oral lease, and whatever the defendants did must be construed as having been done under the unexpired valid lease.

There is nothing else of importance in the case. The bill of particulars was sufficient. A lease for one year, with the privilege of three, is, if the privilege be exercised, a lease for three years, and not a lease for one year and three additional years. The contract under which the plaintiff claimed the right of possession was one of sale, and not of lease. It stated the conditions under which it might become a lease, and those conditions did not arise. The notice of sale was given by the proper persons. The instruments involved were properly interpreted to the jury.

The judgment of the district court is affirmed.