No. 21,869.

J. SHANNON NAVE, *Appellee*, v. S. H. SHAVER, *Appellant*.

SYLLABUS BY THE COURT.

LEASE—*Authority of Agent to Sign Extension Agreement—Statute of Frauds*. Several months before the expiration of a written lease of lands, the agent of the owner, without his written authority, made an agreement with the tenant extending the lease for another year to begin in the future, and accepted payment of part of the rent. A memorandum of this agreement was indorsed on the original lease and signed by the agent and by the tenant. *Held*, that the extension was void under the statute of frauds. (Gen. Stat. 1915, § 4888.)

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed July 5, 1919. Affirmed.

*George McGill, C. A. Matson*, and *I. H. Stearns*, all of Wichita, for the appellant.

*Kos Harris*, and *V. Harris*, both of Wichita, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was to enjoin the defendant from harvesting or removing 90 acres of wheat growing on plaintiff's land. The defendant sowed the wheat in the fall of 1916 and claimed to be the tenant in possession by virtue of an extension of a former written lease. The court found for the plaintiff, and the defendant appeals.

The plaintiff, who was a resident of Indiana, made through L. Hillis, his agent, a written lease of the premises to the de-

Nave v. Shaver.

fendant for three years from March 1, 1914, the defendant agreeing to surrender possession on or before February 28, 1917. On July 10, 1916, defendant made an arrangement with Hillis to extend the lease for another year, and paid to him as agent for plaintiff $100 as part of the future rent, the receipt and agreement for the extension being evidenced by the following memorandum indorsed upon the original lease:

"Received of S. H. Shaver July 10th, 1916, $100.00 cash, rent on above lease for year 1917, balance due July 10, 1917, $500. Second party has privilege to sow wheat 1917. · 　　　　　　J. SHANNON NAVE,
　　　　　　　　　　　　　　　　　　Per L. HILLIS, Agt.
　　　　　　　　　　　　　　　S. H. SHAVER."

The sole question is whether the extension of the lease is binding upon the plaintiff. The findings of fact show that plaintiff never received the $100 paid to Hillis, and did not know of the arrangement for the extension of the lease, nor of the fact that Hillis had received the payment and made the indorsement on the written lease. Hillis died in January, 1917. The court found, also, that Hillis was not authorized orally or in writing to execute an extension of the original lease without first having such lease or extension drafted by or approved by C. V. Ferguson, plaintiff's attorney, but that the defendant was not aware of this requirement. The court further found that at the time Hillis received the $100 and made the indorsement on the existing lease, he was, in fact, the agent of the plaintiff for renting the premises and for collecting the rents for the year ending February 28, 1918, but that Hillis was not authorized in writing to rent the premises for the year ending February 28, 1918, nor to make an extension of the existing lease.

In the summer and fall of 1916 Shaver plowed and sowed the land to wheat and was proceeding to harvest it in the latter part of June, 1917, when he was restrained by the court's order. There is a finding that before the first day of March, 1917, and for some time thereafter, Ferguson, the attorney for plaintiff, had a watchman on the premises to prevent the defendant from coming on the place or farming the land.

As a conclusion of law the court held that because of the absence of any authority in writing on the part of Hillis to ex-

12—105 KAN.

tend the lease or accept the payment, the pretended extension was void under the statute of frauds.

It is the defendant's contention that the court having found that Hillis was plaintiff's agent for renting the premises, the court should have gone further and found that the agent was in fact authorized in writing to renew the lease; but this contention is based upon the fact that Hillis was the same agent who made the original lease and that he had subsequently dealt with defendant in regard to the property. The circumstances were sufficient to show that he was the agent, but not to show the existence of authority in writing. The cases cited in the brief, where tenants under oral leases had taken possession of the property, continued in possession, and made improvements, are not applicable for the reason that the defendant made his improvements at a time when he was in possession under a valid lease. He did not take possession under the extension agreement. He was already in possession and entitled to remain under his written lease until February 28, 1917. His possession at the time he planted the crop must be referred to the valid lease under which he entered, and not to the unauthorized extension.

Finally, it is contended that where agency is shown, private instructions or limitations not communicated to the person dealing with the agent will not relieve the principal from liability where the agent oversteps such limitations; but here there was no agent in authority, because of the statute of frauds, which declares the contract void unless in writing. For the same reasons the defendant cannot rely upon the doctrine that an act is within the apparent scope of an agent's authority when a reasonably prudent person, having knowledge of the business, is justified in supposing that the agent is authorized to perform it from the character of the duties which are known to be intrusted to him. That the agent had actual authority is not denied. The court found that as a fact. It is the kind of authority that is involved. Hillis was the agent, but his act was ineffective unless he was authorized in writing. In *Smith v. Schriver*, 91 Kan. 582, 138 Pac. 584, it was held that a memorandum in writing by an agent was ineffective unless authorized in writing. The principles of law upon which the defendant relies would apply if it were not for the

statute of frauds, which renders the contract void because it was not executed under written authority. The statute assumes that the person acting in the name of the owner is his agent, but it forbids the granting of a lease of lands exceeding one year, unless by writing signed by the party granting the same, "or their agents thereunto lawfully authorized by writing, or by act and operation of law." (Gen. Stat. 1915, § 4888.)

The judgment is affirmed.