Jones v. Smith.

---

No. 22,367.

### J. W. JONES, *Appellant,* v. W. N. SMITH, *Appellee.*

SYLLABUS BY THE COURT.

WRITTEN LEASE—*Not Extended by Plowing and Preparing Land for Future Crops.* A tenant occupying land under a written lease cannot, by plowing the land and preparing it for crops during the written lease, acquire the right to occupy the land under a void oral lease after the term of the written lease has expired.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed July 10, 1920. Reversed.

*James W. Blood,* and *E. L. Foulke,* both of Wichita, for the appellant.

*John W. Adams,* and *S. S. Hawks,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action was brought by the plaintiff to recover the possession of real property from the defendant who, having lawfully entered thereon, wrongfully and forcibly retained the possession thereof. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The defendant has not filed any brief. However, one of the matters presented by the plaintiff will be noticed. W. E. Jones formerly owned the land, and in writing leased it to the defendant for twelve months, commencing March 1, 1917, and ending February 28, 1918. The plaintiff, J. W. Jones, purchased the land from W. E. Jones. The defendant claims to hold possession of the land under an oral lease for less than a year, given by Wiley Jones, as agent of W. E.

Jones. The plaintiff denies that such a lease was made. There was evidence which tended to prove that Wiley Jones was the agent of W. E. Jones, and that Wiley Jones orally rented the land to the defendant; but the plaintiff claims that the oral lease, if any was made, was void under section 4888 of the General Statutes of 1915, which reads:

"No leases, estates or interests of, in or out of lands, exceeding one year in duration, shall at any time hereafter be assigned or granted, unless it be by deed or note, in writing, signed by the party so assigning or granting the same, or their agents thereunto lawfully authorized by writing, or by act and operation of law."

There was no evidence which tended to show that Wiley Jones had been authorized by writing to lease the land to any person. The testimony of the defendant showed that the oral lease was made in July or August, 1917, that he planted oats, corn, and kafir corn in the spring of 1918, and that he harvested the oats in July, 1918. Corn and kafir corn could not be harvested until the fall of 1918. The defendant proceeded as though the oral lease was for more than a year; at any rate he commenced what could not be completed within a year from the time he claimed the oral lease was made.

The court instructed the jury as follows:

"You are further instructed that in considering the question of whether the lease agreed upon, if you find such a lease has been made, could have been performed within a year, you are to take into consideration all the facts in the case; and if from all the facts you find that a contract could not have been performed within a year, then your verdict must be for the plaintiff, unless you further find, as herein elsewhere instructed, that Smith prepared the land for sowing it to wheat and oats."

That instruction was erroneous. The preparation of the land during the existence of the written lease for planting crops could not give effect to the void oral lease. The work that was done on the land while the written lease was in effect must be referred to that lease, and not to the void oral lease. (*Skinner v. Davis*, 104 Kan. 467, 179 Pac. 359; *Nave v. Shaver*, 105 Kan. 176, 182 Pac. 389.)

The judgment is reversed.