No. 29,633.

ELIZA K. R. F. SASSEEN-GRINNELL, *Appellee,* v. AARON BOKEL, *Appellant.*

(294 Pac. 661.)

Opinion filed January 10, 1931.

*H. O. Trinkle,* of Garden City, for the appellant.

*Edgar Foster* and *Horace J. Foster,* both of Garden City, and *George B. Wilson,* of Ava, Mo., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action by the holder of a real-estate mortgage on an assumption clause in a deed. The trial court made findings of fact and rendered judgment for plaintiff. Defendant has appealed.

The evidence was not transcribed. The findings of fact are not controverted and may be summarized as follows: On April 10, 1916, Frank M. Adell and wife, then being the owners of the real property in controversy, for a valuable consideration executed their note, due in five years, to the Fidelity Trust Company for $1,000, and secured the same by a mortgage in the form of a trust deed on real property situated in Laclede county, Missouri. On January 22, 1919, plaintiff purchased the note, which, together with the trust deed, was duly transferred to her. About September 6, 1920,

Frank M. Adell and wife executed to George C. Pennington, for a valuable consideration, a warranty deed for the mortgaged real estate. This deed recited that the property conveyed was free and clear of all encumbrances "except one trust deed for $1,000 which grantee assumes and agrees to pay." At the time of the execution of the deed it was left blank as to grantee, and the grantors authorized Pennington to insert in the deed the name of any grantee he chose. Thereafter—the exact date is not shown, but perhaps in September, 1920—George C. Pennington sold or traded the land described in the deed just mentioned to the defendant, Aaron Bokel, and delivered to him the deed executed by the Adells, and with his consent inserted his name, Aaron Bokel, as grantee in the deed. Aaron Bokel accepted the deed so delivered to him by George C. Pennington and duly recorded the same February 11, 1921, and on July 15, 1921, paid plaintiff $70 on account of interest then due on the note, and on September 29, 1921, paid an additional $20 on account of interest then due. These payments paid the interest in full on the note held by plaintiff to June 10, 1921. Thereafter—the exact date not shown—Aaron Bokel executed and delivered to George H. Hard and J. P. Hughes, partners, as the H and H Motor Company, a warranty deed conveying to them the real property above mentioned, which deed contained a clause by which the grantees assumed and agreed to pay the trust deed, or mortgage, above mentioned. In October, 1924, there was a foreclosure of the real-estate mortgage or trust deed and a sale of the real property, which, after the payment of court costs and taxes, left a small balance to be applied upon plaintiff's note, which was indorsed as a credit thereon. In that action no personal judgment was rendered against Aaron Bokel, perhaps for the reason that there was no personal service on him. Aaron Bokel was a resident of the state of Kansas, but before the filing of this action he had become a nonresident of this state and had been a resident of the state of Colorado for two years and four months.

Appellant contends, first, that he is not liable on the assumption clause of the deed executed by Frank M. Adell and wife for the reason that he had no transaction with them, his transaction being with George C. Pennington. This contention cannot be sustained for the reason that when appellant dealt with Pennington it was a part of that deal that he take title to the Missouri property under the deed which had been executed by Frank M. Adell and wife,

which deed contained the mortgage assumption clause, and he agreed that his name should be written into that deed as grantee. He accepted that deed and placed it of record, and thereafter held title under it, and later conveyed the land, necessarily using that title as a basis for his deed of conveyance. His situation with respect to the deed executed by the Adells is much the same as though Pennington had inserted his own name as grantee in that deed, and at the time of his trade with appellant had executed a new deed in which this assumption mortgage clause was written, and that deed had been accepted by appellant.

Appellant next contends that the action of plaintiff as to him is barred by the statute of limitations, and reasons that plaintiff's action against him is based on the assumption clause of the deed, not on the mortgage or trust deed itself; that this assumption clause was contained in a deed executed by the Adells, September 6, 1920, and delivered to appellant later in the same month. This action was filed September 24, 1928; hence he contends that the five-year statute of limitations had run. This contention cannot be sustained. By the clause in question in the deed appellant assumed and agreed to pay the trust deed or mortgage. It is conceded that has not been paid. Appellant did pay interest as late as September 29, 1921, on that mortgage. That last interest payment was six years, eleven months and twenty-three days before this action was filed. But appellant had been a nonresident of the state of Kansas two years and four months of that time, and there is no showing that he was in the state any of the time while he was a nonresident. Excluding the time the appellant was a nonresident of this state, the time which elapsed from the last interest payment until the bringing of this action was four years, seven months and twenty-three days, which is less than the five years provided by the statute of limitations, which appellant contends governs the matter.

We find no error in the record, and the judgment of the court below is affirmed.