No. 33,966

Otto Nelson, *Appellant*, v. W. R. Street and Emma Street, *Appellees.*

(83 P. 2d 793)

Opinion filed November 5, 1938.

*Guy E. Ward,* of Belleville, for the appellant.

*Frank G. Spurney,* of Belleville, for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action for money. Judgment was for defendants on a motion for judgment on the pleadings. Plaintiff appeals.

The petition alleged defendant Emma Street was the owner of a farm; that plaintiff occupied it as a tenant from March 1, 1933, until March 1, 1937; that W. R. Street was the agent of Emma Street in looking after the land; that authority to lease this land had been given W. R. Street by Emma Street; that when plaintiff first moved on the land he did so with the understanding that he would farm this land upon the same terms as a certain land lease formerly made between defendants, Emma Street and W. R. Street, and another party; that plaintiff did so continue as a tenant upon the terms of such lease, but no written lease was ever entered into between plaintiff and defendants; that on or about August 17, 1936, plaintiff talked to defendant W. R. Street and an agreement was entered into that if Street did not let him know to the contrary in time for planting small grain the plaintiff could have the farm for another year; that in reliance thereon plaintiff put in eighteen acres of wheat and nine acres of rye, furnishing all the work and the seed; that he plowed, double disked and harrowed this land; that he finished this work on

September 19, 1936, and on September 20, 1936, defendant W. R. Street informed plaintiff orally that he wanted the place, and on January 5, 1937, sent a written notice to him to vacate; that on March 1, 1937, plaintiff insisted that he was entitled to harvest the grain he had sowed, but that defendants had refused to permit him to do so or to pay him anything whatever. The petition then alleged the value of the crop raised from the seed planted by plaintiff; and that the reasonable value of the labor was $135. The petition then alleged that if plaintiff should not be permitted to recover a tenant's share of the crop grown on the land that he should be permitted to recover for his labor and the seed in the above amount. The petition then alleged that defendants had been conspiring together for about a year for the purpose of defeating the claims of plaintiff for his share of this grain; that they fraudulently permitted plaintiff to sow the grain and then fraudulently forced him to vacate with the purpose of defeating plaintiff and his claims to this grain; that plaintiff would not have sown such grain but for the promises made by defendants. The petition prayed for a judgment for $343, this being the value of a tenant's share of the grain planted by plaintiff, or in the alternative for $135, this being the reasonable value of the work performed by plaintiff and the seed furnished.

To this petition defendants filed a motion for judgment on the pleadings on the following grounds:

"1. Because the petition upon its face fails to state facts sufficient to constitute a cause of action against said defendants.

"2. Because the petition upon its face shows that the purported lease under which it is claimed the work was done by the plaintiff was oral, for one year, and to begin in the future, and that by reason thereof such an oral lease is void and unenforceable on account of the statute of frauds.

"3. That any work done by the plaintiff for which pay is claimed must be referred to as being done under the lease which was valid at the time the work was done, and that such work cannot be referred to as being done in pursuance to the void future lease.

"4. That the petition upon its face shows the defendant W. R. Street had oral authority to make the purported lease and that because thereof any such lease made is void and unenforceable on account of the statute of frauds."

This motion was treated as a demurrer. It was sustained and judgment given for defendants. The appeal is from that judgment.

The plaintiff concedes that an oral lease for the ensuing year to begin the next year is invalid and that oral contracts not performed within one year are void, also that Emma Street could and properly did require the plaintiff to vacate the premises on proper notice.

He argues here that the action is not upon the contract nor upon the lease, but is a suit to recover damages from defendants because they induced him to prepare the soil and plant a crop and prevented him from harvesting the crop and thus unjustly enriched themselves.

The court considered such a question in *Wonsettler v. Lee,* 40 Kan. 367, 19 Pac. 862. There this court said:

"If the action was based solely on this verbal contract, as claimed, it could not be maintained; but we think the allegations of the petition are sufficiently broad to warrant a recovery on a *quantum meruit.* While Lee cannot recover under the contract, he is entitled to compensation according to what the work performed was reasonably worth. Wonsettler, having received the benefit of the services performed under the verbal contract, cannot escape liability for the benefit received by refusing to perform that contract. It is conceded by counsel for plaintiff in error that Lee is entitled to recover in a proper action what the services rendered are reasonably worth; but he insists that Lee has relied on the express contract alone, and therefore the action must fail. In our view, the void contract is not set out as the basis of the action, but rather by way of inducement to explain the circumstances under which the work was done, and to show that it was not a gratuity." (p. 368.)

See, also, *Brashear v. Rabenstein,* 71 Kan. 455, 80 Pac. 950. In *Brown v. Byers,* 118 Kan. 503, 235 Pac. 868, an oral contract had been entered into between the owner of the land and the plaintiff, who was to perform certain services on the land for a percent of the crops and livestock produced. The landowner relied on the statute of frauds to defeat recovery. This court said:

"The plaintiffs rendered the major portion of the services required under the contract, although they were ejected from the farm before the contract was fully performed. They had an interest in the wheat, the corn, and the hogs. If Nellie A. Byers is permitted to prevail because the contract did not comply with the statute of frauds, she will commit a fraud on the plaintiffs by inducing them to render service under the contract, by refusing to permit them to comply fully with their contract, by ejecting them from the premises on which the services were to have been rendered, and by not paying them the compensation agreed on." (p. 504.)

We have examined the authorities relied upon by defendants and find that they are cases where, as in *Skinner v. Davis,* 104 Kan. 467, 179 Pac. 359, the tenant was endeavoring to retain possession of a farm on account of a void lease; not, as in this case, an action for damages on account of unjust enrichment of the landowner. This is also true of the case of *Nave v. Shaver,* 105 Kan. 176, 182 Pac. 389, and also *Jones v. Smith,* 107 Kan. 201, 199 Pac. 299.

Should it be held that this petition did not state a cause of action on the theory of *quantum meruit,* the practical result would be that

defendant Emma Street would profit by the work done and seed sowed by plaintiff without paying anything whatever for it. She would thus be permitted to use the statute of frauds as a means of enriching herself at the expense of the plaintiff. The statute was never intended to be so used. We hold that the motion for judgment on the pleadings should not have been sustained.

The conclusion we have reached on this question makes it necessary that we should consider the question of the measure of damages.

The rule is that in a case of this sort the plaintiff should be permitted to recover what the labor performed and the seed planted were reasonably worth.

The judgment of the trial court is reversed with directions to proceed with the trial of the action in accordance with the views expressed herein.