No. 39,602

GLADYS BYER, Individually, and GLADYS BYER, as Executrix of the Estate of Albert Byer, Deceased, *Appellees*, v. RALPH HOHNER and GLADYS P. HOHNER, *Appellants*.

(283 P. 2d 499)

Opinion filed May 7, 1955.

*Robert Y. Jones*, of Hutchinson, argued the cause, and *Roy C. Davis, Frank S. Hodge, Eugene A. White, H. Newlin Reynolds*, all of Hutchinson, and *Jack Copeland*, of St. John, were with him on the briefs for the appellants.

*Evart Garvin*, of St. John, argued the cause, and *Robert Garvin* and *Morris Garvin*, of St. John, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This is an action in ejectment for possession of three quarter sections of land, only two of which are in controversy. The plaintiffs prevailed, and the defendants have appealed.

The pertinent portions of the record may be summarized or quoted as follows: Albert Byer, a resident of Stafford County whose family consisted of his wife and eight children, was the owner of considerable farm land some of which was producing oil. On December 18, 1944, he executed his last will and testament in which he named his wife as executrix. The will first provided for the payment of his just debts, funeral expenses, taxes and expenses of the administration. Next the will gave to his wife all of his personal property. It then provided:

"I give, devise and bequeath a life estate to my wife, Gladys Byer, for and during the term of her natural life time in and to the following described real estate, to-wit:"

describing eight quarter sections of land in Stafford County. We are concerned with only two of them: the Northwest Quarter and the Southwest Quarter of Sec. 5, Township 24, Range 11. The will continued:

"In the enjoyment of said life estate, my wife shall have the full use, benefit and enjoyment of said real estate and shall be entitled to receive all of

the rents issue and profits of every nature and kind derived therefrom during her life time including the right to receive the oil, gas and mineral lease rentals, delay rentals, bonuses and royalties, which may be derived therefrom during her life time, all of which shall be her sole and separate property to the same extent and with like effect as if she were the owner of the fee title to said real estate and the remaindermen hereinafter named shall not, during the life time of my wife, have any interest in and to such oil, gas or mineral lease rentals, delay rentals, bonuses or royalties.

"It is my will and I further order and direct that in the enjoyment of said life estate, my wife shall have full and absolute right to execute agricultural leases upon any or all of the above described real estate for such periods of time and upon such terms as she may desire; that she shall have the full and absolute right to execute oil, gas or mineral leases upon any or all of the above described real estate to run for such periods of time and upon such terms and conditions as she may deem advisable, to the same extent and with like effect as if she were the owner of the fee title to such real estate, even though the term of any such lease might extend beyond the period of her life time and any such lease so executed by her shall be valid and binding for the term thereof; that it shall not be necessary to the validity of any such lease that the remaindermen, hereinafter named, join in the execution thereof; that the remaindermen, hereinafter named, shall have no interest in such leases or in any of the revenue derived or payable therefrom except the rentals, delay rentals, bonuses or royalties which accrue and are payable after the death of my wife and the termination of her life estate."

Other pertinent provisions of the will are as follows:

"ITEM FOUR: After the death of my wife and the termination of her life estate in and to all of the real estate hereinbefore described in Item Three, I give, devise and bequeath, the oil, gas and mineral royalty in and under and that may be produced from all of the real estate hereinbefore described in Item Three under leases now upon said real estate or under leases which may hereafter be executed thereon, to my children hereinafter named in the proportions set opposite each of their names for a term of twenty years following the death of my wife and as long thereafter as oil, gas or other minerals are produced or said premises are being operated or developed, to-wit:"

an undivided ⅐ interest to each of seven named children.

"ITEM ELEVEN: Subject to the life estate hereinbefore given and devised to my wife, Gladys Byer, and subject to the provisions of Item Four, I give, devise and bequeath to my daughter, Gladys P. Hohner, the Southwest Quarter (SW¼) of Section Five (5), Township Twenty-four (24) South, Range Eleven (11) West of the 6th P. M., in Stafford County, Kansas.

"ITEM TWELVE: Subject to the life estate hereinbefore given and devised to my wife, Gladys Byer, and subject to the provisions of Item Four, I give, devise and bequeath to my daughter, Hattie M. Byer, a life estate in the Northwest Quarter (NW¼) of Section Five (5), Township Twenty-four (24) South, Range Eleven (11) West of the 6th P. M.,

. . . . . . . . . . . . . . . .

"ITEM THIRTEEN: Subject to the life estate, hereinbefore granted in

Item Three, to my wife, Gladys Byer, and subject to the provisions of Item Four, and subject to the life estate hereinbefore given to my daughter, Hattie M. Byer, I give, devise and bequeath the remainder interest in the Northwest Quarter (NW¼) of Section Five (5), Township Twenty-four (24) South, Range Eleven (11) West of the 6th P. M., Stafford County, Kansas, to my son, Fred R. Byer, my son, August R. Byer, my son, John R. Byer, my daughter Mary E. Fuller, my daughter, Opal F. Wendt, my son Albert L. Byer and my daughter, Gladys P. Hohner, share and share alike."

By a later provision of the will the testator gave to his wife, Gladys Byer, the Southeast Quarter of Sec. 16, Township 23, Range 11, in fee simple.

Plaintiffs in their petition alleged that Albert Byer died testate on September 13, 1952; that his last will and testament was duly admitted to probate on October 10, 1952, and that Gladys Byer was duly appointed executrix thereof. In the petition plaintiffs alleged that Gladys Byer was entitled to the possession of the Southwest and the Northwest Quarters of Sec. 5, Township 24, Range 11, and the Southeast Quarter of Sec. 16, Township 23, Range 11, and that the defendants, Ralph Hohner and Gladys P. Hohner, unlawfully kept plaintiffs out of the possession of all of the above described property. It further alleged that the defendant Ralph Hohner had been farming the above described real estate as an agricultural tenant under an oral lease between him and Albert Byer which lease was made prior to the death of Albert Byer under the terms and provisions of which said defendant was to pay one-third of all crops raised upon said premises. That following the death of Albert Byer, the said defendants became tenants from year to year holding over under the terms and provisions of said aforementioned oral lease. It was further alleged that on December 17, 1953, a proper notice to terminate their farm tenancy was served upon defendants.

The prayer was for judgment for the immediate possession of the described real property, for an order of ejectment of the defendants from the real property, and for costs.

Defendants filed a joint answer in which they admitted the allegation of the petition concerning the family of Albert Byer; that he had made a will on the date stated; that he died at the time stated in the petition; that his will was duly admitted to probate and the executrix therefor was appointed; and, that notice to terminate the tenancy was given, all as alleged in the petition. They denied that plaintiffs were entitled to the possession of all of the real property described in the petition and that they unlawfully kept plaintiffs out of posses-

sion thereof. They admitted they had been farming the real estate as agricultural tenants under an oral lease under the provisions of which defendants were to pay one-third of all crops raised upon the real estate, and in this connection alleged that said oral lease was between both of the defendants and Albert Byer and the plaintiffs.

Defendants acknowledged the right of plaintiffs to cancel the lease on the Southeast ¼ of Sec. 16, Township 23, Range 11, subject to the right of defendants to harvest the growing wheat upon the premises, and that land is no longer in controversy.

Defendants further alleged that the lease pertaining to the West ½ of Sec. 5, Township 24, Range 11, was for a term of the natural lifetimes of both the said Albert Byer and the defendants and that the lease, agreement and tenancy, which was oral, was made by and between the parties in a series of conversations prior to August, 1944, at which time the tenancy of defendants commenced; that in reliance upon same and in good faith, the defendants made substantial, lasting and permanent improvements, the nature of which was stated. They further alleged that since the commencement of their tenancy they satisfactorily complied with the terms of the agreement, and accounted for ⅓ of the crops in due course. That one of the quarter sections, being the one upon which defendants reside, was devised to defendant Gladys P. Hohner by the terms of the will of Albert Byer subject only to the life estate of the plaintiffs herein, and was intended to be so devised at the time and as a part of their oral agreement.

The prayer was that plaintiffs take nothing by reason of their actions and that they (defendants) recover their costs.

Plaintiffs filed a demurrer to this answer upon the ground that it failed to state facts sufficient to constitute a defense. This demurrer was presented to and considered by the court and sustained June 2, 1954. On June 8, 1954, defendants filed a notice of appeal from that ruling. On June 28, 1954, plaintiffs filed a motion for judgment on the pleadings alleging that the court sustained plaintiffs' demurrer to defendants' answer but defendants filed no additional pleading and had appealed to the supreme court from the order of the court sustaining the demurrer to the answer and the defendants were in default; that it would be necessary to take immediate steps to farm the real estate in order to protect said real estate from irreparable loss. This motion was sustained and judgment rendered for plaintiffs. Defendants asked for time to give a bond to stay the execu-

tion. The court fixed a date for them to file a statutory supersedeas bond and ordered that in the event a good and sufficient statutory supersedeas bond was not filed by the date set, execution be issued to place plaintiffs in possession of the real estate in conformity with the judgment. It appears that bond was not given and we are told in the briefs of the appellees that the defendants vacated the premises. Defendants appeal from that order. In this court the case is argued as though one appeal had been taken from both rulings.

In this court counsel for appellants state the questions involved as follows:

"Whether defendants (appellants) are barred from asserting and maintaining their defense that they hold possession under a lease made in the lifetime of decedent by and between decedent and his spouse on the one hand, and decedent's daughter and husband on the other, by reason of the non-claim provisions of the Probate Code (G. S. 59-2239) or more specifically, where a landlord (and his spouse) have leased real estate for a term of years, and the landlord died during such term, are the tenants required to present an affirmative claim and demand against the Estate of such decedent as a condition or prerequisite for the continuance of the tenancy in accordance with such lease, for a re-affirmance of such agreement, when no controversy exists as to the terms or term thereof."

The statement of questions involved appears to be more favorable to appellants than the record justifies. To start with, the oral lease for a term of years was void under our statute of frauds, G. S. 1949, 33-105. Counsel for appellants contend the fact that the lease was oral is of no concern because of the allegations made in the answer of improvements made on the premises. Citing *Bard v. Elston,* 31 Kan. 274, 1 Pac. 565, and *Stuber v. Sowder,* 168 Kan. 467, 213 P. 2d 989. The contention is not sound and the authorities cited are not in point. Under the terms and provisions of the lease as pleaded the defendants were to pay one-third of all crops raised upon said real estate—nothing was said about improvements. Most of the improvements alleged to have been made were such as any tenant might make as his view of what he would like to have, for the proper handling of the place, and the convenience in the home. Those that might be called "lasting" were such as might have been prompted by the understood fact that Gladys P. Hohner would ultimately have the property in fee. Defendants were not authorized by the terms of the lease to improve the property in such a way as to destroy the rights of the plaintiffs given by the will. We see no reason why

Albert Byer in his lifetime could not have served timely notice to terminate the lease as the plaintiffs did after his death.

In their brief counsel for appellants say, ". . . the agreed term of said lease being for and during the natural lifetimes of decedent and appellee Gladys Byer *or the survivor of the two;* . . ." (Italics ours.) It was not so stated in defendants' answer. It is said there, ". . . that the lease and agreement . . . made by and between the plaintiff herein, the said Albert Byer and these defendants was and is for a term of the natural lifetimes of both the said Albert Byer and the plaintiff; . . ." Both of them are no longer living.

Pertaining to the gist of the action involved as stated in the brief of appellants we do notice that the claim of appellants to hold possession of this property after the death of Albert Byer and until the death of the surviving widow is not supported by anything in the will of Albert Byer. Indeed, by that will he gave to his widow the full right to the use, possession and control of the property during her lifetime; make her home on the place; rent to whomever she pleased, even rent it for oil and gas and have all the proceeds coming from the property. No defense was ever made to this will in the probate court, nor was any other type of objection made to it. Upon the final settlement of the estate of Albert Byer the probate court would be compelled to assign to Gladys Byer the sole use and right of possession during her lifetime.

We have no occasion here to write a thesis on the rights of lessees of real property when the lessor dies during a fixed term of the lease and shall not attempt to do so. Naturally, those cases will depend upon what may be shown with respect to the questions involved.

We find no error in the record. The judgment of the trial court is affirmed.