No. 39,649

WAYNE LUNDRY, *Appellant*, v. WALTER W. WOODEN and EDWIN W. JAMES, *Appellees*.

(284 P. 2d 586)

Opinion filed June 11, 1955.

*Charles S. Fisher, Jr.*, of Topeka, argued the cause and *George Allred*, of Emporia, and *Thomas M. Lillard, O. B. Eidson, Philip H. Lewis* and *James W. Porter*, all of Topeka, were with him on the briefs for the appellant.

*Harry Snyder, Jr.*, of Topeka, argued the cause and *Walter T. Chaney*, of Topeka, was with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been incurred when plaintiff was evicted from a building he was occupying as the alleged lessee of defendants. The appeal is from an order sustaining defendants' demurrer to plaintiff's third amended petition.

After alleging the residence of the parties, the petition alleged that on February 1, 1949, plaintiff entered into a written lease with Wyman and Cassaday for a grocery store and meat market in a portion of the building located at 505 South Commercial Street, Emporia, Kansas, for a term of five years, with option for five additional years; that the building was being used by lessors as a frozen food locker plant, processing plant, meat market and grocery store; that from February 1, 1949, to June 16, 1949, plaintiff remained in exclusive possession of the grocery store and meat market; that about the 21st day of May, 1949, the defendants, Wooden and James, in the presence of Wyman and Cassaday, orally notified plaintiff that Wooden and James had acquired title to the building in question and plaintiff was from that day leasing the building from them; that the plaintiff did not know what the relationship between Wooden and James, on the one hand, and Wyman and Cassaday on the other hand, was; that about May 21, 1949, Wooden and James took possession of the entire premises except the store and meat market; that the representations of defendants made to plaintiff on May 21, 1949, were made with the intention that they be relied on and plaintiff did rely on them; that about May 29, 1949, the equipment used in the locker plant ceased to work and plaintiff relying on the statements of defendants notified them of the condition; that defendants knew, if nothing was done to repair the machinery the temperature in the food lockers would rise and cause the contents to spoil and thereby render the entire premises, including the grocery store and meat market, uninhabitable by reason of repulsive odors and unsanitary conditions; that defendants did not affirm or deny the lessor-lessee relationship to plaintiff or their responsibility to plaintiff as lessors but failed and neglected to repair or make provision for repair of the refrigeration plant and continued so to fail; that as a result great quantities of meat rotted in the lockers, causing an unhealthful condition on the premises and liquids and juices of which the meat was composed flowed upon the floors of the premises, including the meat market, all in breach of the cov-

enants, both express and implied, of the lease agreement; that as a result and on orders of the health officials of the county and state, plaintiff was forced to vacate the premises and close down his grocery store on June 16, 1949.

The petition then described the amount of damages sustained by plaintiff. Damages were prayed in the amount of $55,400.

A copy of the lease was attached. It recited that Wyman and Cassaday were operating a grocery store at the location and leased it with all fixtures. The lease described the manner and amount of payments which were based on the amount of business done by plaintiff. It was signed by Wyman and Cassaday, parties of the first part, and plaintiff, party of the second part.

To this petition defendants filed a general demurrer on the ground that it did not state facts sufficient to constitute a cause of action. The trial court stated it was sustained because the petition was not based upon a definite theory. The specification of error is that the trial court erred in sustaining the demurrer.

The plaintiff states the questions to be:

"1. Can a lessee whose beneficial use and enjoyment of the leased premises are interfered with or destroyed by the lessor or those acting under his authority, sue his lessor upon the covenant of quiet enjoyment, either express or implied, because of an eviction from the leased premises resulting from the wrongs complained of?

"2. When B, the lessee under a written lease from A as lessor, is, in the presence of A., orally notified by C. that C. had acquired all of the right, title and interest of A., the original lessor, in the leased premises, including the lease itself and that B. is thereafter from a specified date to hold the leased premises as lessee of C., cannot B. look to C. as his present lessor, notwithstanding there has been no formal written assignment of the lease by A. to C.?"

Plaintiff points out that a covenant of quiet enjoyment is implied in a lease. (See *Stewart v. Murphy*, 95 Kan. 421, 148 Pac. 609; also *Wallace v. Carter*, 133 Kan. 303, 299 Pac. 966.) In his argument on the second question plaintiff relies in a large measure on what we held in *Boggs Oil & Drilling Co. v. Helmerich & Payne, Inc.*, 145 Kan. 747, 67 P. 2d 579. There we held:

"If a written contract executed by A and B be accepted by C, and acted upon by A and C, although there is no formal assignment by B, it becomes the written contract of C as fully as if formally assigned to him, and comes within the terms of the five-year statute of limitations."

Defendants realize the force of the rule stated in that and like cases. They depend, however, upon the provisions of G. S. 1949, 33-105. That section provides as follows:

"No leases, estates or interests of, in or out of lands, exceeding one year in duration, shall at any time hereafter be assigned or granted, unless it be by deed or note, in writing, signed by the party so assigning or granting the same, or their agents thereunto lawfully authorized by writing, or by act and operation of law."

They point out that the petition alleges the relationship between plaintiff and them was the result of an oral understanding growing out of the conversations between Wyman and Cassaday on one hand and Wooden and James on the other hand on May 21, 1949, at which plaintiff was present. They point out that in cases such as *Boggs Oil & Drilling Co. v. Helmerich & Payne, Inc.*, supra, there had been a long period of time during which the contract or lease had been acted upon by both parties, including the party to be held to be bound by the oral assignments. They point out this so-called oral assignment occurred on May 21, 1949, and the alleged breach occurred on May 29, 1949, or some eight days later. They argue this is not sufficient to remove the case from the statute quoted.

The argument of defendants is not good. The question whether one who orally assumes control or ownership of real property is bound by a written contract or lease between a former owner and a lessee is one of contract between all three parties rather than one to be determined by whether there was a long course of dealing between the new owner and the lessee. (See *Boggs Oil & Drilling Co. v. Helmerich & Payne, Inc.*, supra, also *Marks v. Chumos*, 82 Kan. 562, 109 Pac. 397, also *Stuber v. Sowder*, 168 Kan. 467, 213 P. 2d 989.)

This is a demurrer to a petition. As far as the question we are discussing is concerned, no motions to make it more definite and certain were filed. It must be liberally construed in favor of the plaintiff. After alleging the making of the lease it alleges the conversation between the original lessors, the defendants and the plaintiff. It then alleged "defendants . . . took possession and assumed control of the entire premises" also "plaintiff did rely upon the representations of ownership of the premises made by defendants . . . and regarded and conducted himself as lessee of the defendants; that defendants . . . conducted and held themselves out as lessors of plaintiff and received the benefits of lessors, all in accordance with the written lease . . ." The defendants argue these allegations are conclusions merely and not statements of fact. In the absence of a motion to make definite and certain they must be held to be statements of fact, sufficient

to bring the cause of action within the rule laid down in the authorities already set out in this opinion.

Defendants argue the petition was demurrable because it was not based on any legal theory. They point out allegations in earlier petitions. For the sake of this appeal we are only interested in the amended petition to which the general demurrer was sustained. It alleged a cause of action for damages alleged to have been sustained when defendants, who as alleged had assumed the obligations of the original lessors under the lease, breached the covenant of quiet enjoyment owed the plaintiff by the lessors.

The judgment of the trial court is reversed with directions to overrule the demurrer and to proceed with the trial of the cause.

HARVEY, C. J., dissents.