No. 40,093

JOHN BURNETT, *Appellant,* v. KARL W. GREENWOOD and MARTHA GREENWOOD, *Appellees.*

(298 P. 2d 256)

Opinion filed June 9, 1956.

*Karl V. Shawver* and *Karl V. Shawver, Jr.,* both of Paola, were on the briefs for the appellant.

*Archie A. Bryan* and *Robert H. Miller,* both of Paola were on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover damages and the appeal is from an order sustaining a demurrer to plaintiff's second amended petition on the ground that pleading failed to state a cause of action.

Stripped of all excess verbiage, and given the benefit of inferences to which it was entitled at the time of the ruling on the demurrer, the involved pleading states in substance:

That the defendants Karl W. and Martha Greenwood occupy and operate a restaurant known as "69 Grill" in Miami County as tenants of J. H. and Maurine L. Phillips, under and by virtue of a lease agreement, which was executed February 9, 1954, and expires on February 9, 1957.

That among other things the lease agreement, attached to and made a part of such pleading, contains the following provision:

"This lease is subject to any agreement made by parties of the first part with respect to pin ball and music box equipment, and first parties shall receive 10 per cent of the gross revenue from such machines after federal tax has been paid."

That prior to the execution of the lease contract and on October 1, 1947, the plaintiff John Burnett entered into an agreement with J. H. and Maurine L. Phillips whereby plaintiff, for a period of ten years from the date of the execution of that contract, was given the right to use a portion of such restaurant building for the purpose of locating, installing and operating coin-operated music box equipment, pin ball machines and other amusement games for a percentage consideration to be paid the owners of such building, and persons to whom it might be leased, during that period of time. A copy of this agreement was also attached to and made a part of the pleading in question.

That pursuant to the location rights agreement plaintiff installed the equipment contemplated by its terms; that on April 3, 1954, some two months after the execution of the lease agreement defendants, who had entered into possession of the "69 Grill" as tenants, orally ordered the removal of such equipment and threatened its destruction if not removed; that due to such orders and threats the equipment was removed on that date; that on May 5, 1954, with defendants' permission, it was reinstalled and remained in "69 Grill" until September 7, 1954; that on that date defendants

again ordered plaintiff to remove such equipment, threatening its destruction and his death if it were not removed; that whereupon and whereby plaintiff again removed the equipment; and that since such date "locations" therefor have been unavailable to plaintiff in the restaurant building.

That during the twenty-five weeks plaintiff's equipment was operated in the restaurant it averaged $52.56 per week income; that under the terms of the "location" agreement he was to receive 50 per cent of the proceeds of such income; and that by reason of defendants' conduct as related and their refusal to honor plaintiff's contractual rights under such location agreement, and by their breach of the terms of the involved lease agreement, plaintiff has been deprived of his right to use machine "locations" in the "69 Grill" for a total of 128 weeks to his loss and damage in the sum of $3,360.

Accepting, as we must, the allegations of the petition as true we think the facts, as heretofore related, disclose that appellees leased the property in question subject to appellant's rights under his prior agreement with their landlords with respect to the installation of amusement devices in the leased premises and thereafter wrongfully refused to permit appellant to lawfully exercise those rights to his loss and injury.

Mindful of our constitutional guarantee (Bill of Rights, Sec. 18), that for injuries suffered in person or property all persons shall have remedy by due course of law, we are inclined to the view that the foregoing allegations of the petition in and of themselves make out a prima facie case for damages and therefore state a cause of action because of appellees' alleged wrongful action in depriving appellant of rights which they had agreed to recognize under the lease agreement. Be that as it may, we are not required to base this decision on that premise. The petition, as heretofore indicated, contains further and additional allegations which, when given the weight and credence to which they are entitled, disclose that the location agreement between appellant and the Phillips' was accepted by appellees and acted upon by appellant and the appellees for a considerable period of time. In that situation there can be no doubt that the allegations of the petition were sufficient to state a cause of action and bring it within the well-established rule of decisions of this court (See *Brick Co. v. Gas Co.*, 82 Kan. 752, 109 Pac. 398; *Sasseen-Grinnell v. Bokel*, 132 Kan. 116, 294 Pac.

661; *Boggs Oil & Drilling Co. v. Helmerich & Payne, Inc.*, 145 Kan. 747, 67 P. 2d 579; *Lundry v. Wooden*, 178 Kan. 179, 284 P. 2d 586), recognized by courts of other jurisdictions (See, e. g., *Wiggins Ferry Co. v. O. & M. Railway*, 142 U. S. 396, 35 L. Ed. 1055, 12 S. Ct. 188; 17 C. J. S., Contracts, 320 § 4), holding that if a written contract executed by A and B be accepted by C, and acted upon by A and C, although the contract be not assigned by B, it becomes the contract of C as fully as if formally assigned to him.

In reaching the conclusion just announced we have not attempted, nor do we deem it necessary since we are here dealing with the sufficiency of the allegations of a pleading, to discuss arguments advanced by the parties touching upon the merits of the cause. Whether appellant can prove the allegations of his petition, appellees can assert and establish defenses with respect thereto by way of answer, or what the legal rights and liabilities of the parties on joinder of issues may be under the evidence adduced on a trial of those issues, are matters with which we are not presently concerned. All that is required for purposes of this appeal is to hold, as we have concluded, that in view of the facts, conditions and circumstances set forth in the petition the trial court erred in sustaining the demurrer to that pleading on the basis it failed to state facts sufficient to constitute a cause of action; and that other grounds of the demurrer, which it is to be noted were all founded on premises having to do with the sufficiency of such pleading in that respect, afford no sound basis for a different conclusion.

The judgment is reversed with directions to overrule the demurrer and proceed with the cause in accord with the views expressed in this opinion.